MONTELIUS v. WOOD.

1. **Promissory Note:** FAILURE OF CONSIDERATION: VENDOR AND VEN-
   DEE.    A contract for the sale of land provided that in case of default in
   payment of any of the notes given for purchase money the vendor might
   declare a forfeiture and resume possession of the land, and that all pay-
   ments theretofore made should be forfeited as liquidated damages for the
   breach of the contract; on the maturity of one of the notes a part pay-
   ment was made by the vendee, and a new note for the remainder and
   accrued interest on the other notes was executed; for subsequent de-
   faults the vendor declared the contract forfeited and resumed possession
   of the land: *Held*, that such forfeiture constituted a failure of considera-
   ation of the note executed in renewal.
2. **Verdict:** HELD EXCESSIVE.    A verdict held excessive under the evi-
   dence and special findings.

*Appeal from Taylor District Court.*

SATURDAY, JUNE 11.

ACTION upon a promissory note.   The defendant pleaded that the consideration for the note had failed, and set up a counter-claim for damages arising out of the levy of a writ of attachment sued out by the plaintiff in the action, and an-other cross claim for certain hay which it is alleged plaintiff purchased of the defendant.

There was a trial by jury, and verdict and judgment for the defendant for $323.    Plaintiff appeals.

*Crum & Haddock*, for appellant.

*Whiffin & Brown*, for appellee.

ROTHROCK, J.—I. The plaintiff sold the defendant a farm and took promissory notes for the purchase money. The 1. PROMISSORY contract of sale provided that "in case of the fail-
NOTE: failure
of considera- ure of the defendant to perform the contract, and
tion : vendor
and vendee. make the payments agreed upon, the contract should at the option of the plaintiff be forfeited, and defendant should forfeit all payments made by him thereon, and such payments should be retained by the plaintiff " in liquidation of all damages by him sustained, with the right to the plaintiff to re-enter and take possession of the land.

The first note to mature was in the sum of $500. Defendant paid $397 thereon, and made default in the payment of the balance. The interest on another note was also due. Thereupon the note for $500 was surrendered to the defendant and the note in suit was given for the balance and for the interest due on the other note. Afterwards the defendant being in default in his payments the plaintiff gave him notice to quit, and took possession of the land in March, 1878.

It is claimed by the plaintiff that the note in suit was a payment of the amount then due, and that because he extended time there was sufficient consideration therefor. There was undoubtedly a sufficient consideration when the note was given, for it was a mere renewal of another note. But it was no payment in the sense that the plaintiff can now enforce it in the face of his contract that if he should take possession the amount paid should be in full of damages. The note in suit was for purchase money, to all intents and purposes, the same as the one for which it was a renewal, and it was satisfied, or the consideration therefor failed, when the plaintiff elected to take possession of the land.

II. The defendant claimed of the plaintiff the sum of $12.00 for hay, and $245 actual damages, and $255 for ex-
2. VERDICT: emplary damages for wrongfully suing out the
held excess-
ive. attachment. The jury found specially that the defendant was not indebted to the plaintiff on the note. The abstract shows the following interrogatory was pro-

pounded to the jury: "State the amount allowed by you as damages for the wrongful suing out of the attachment, if anything you allow?" *Ans.* Damages, $193." No other claims were made by the defendant. How the jury after allowing $193 for the wrongful suing out of the attachment magnifies the general verdict to $323 is more than we can understand. The utmost that could properly have been found under the pleadings and evidence was $205. It will not do to say, as claimed by the defendants' counsel, that the excess was for exemplary damages. The special interrogatory and answer plainly show that $193 was allowed for all damages on the attachment bond.

The plaintiff did not ask for judgment on the special verdict. He asked that the general verdict be set aside and a new trial granted, and also that the special verdict be set aside. We think he should not be concluded because he did not ask for judgment on the special verdict. The general verdict was unquestionably excessive, independently of the special verdict. The court should have required the defendant to remit all of the general verdict in excess $205, and in the event of a refusal granted a new trial. Before any costs were made on this appeal the defendant served on the plaintiff a notice in writing to allow the judgment to be so modified, which offer was refused. It should have been accepted. A judgment will be entered in this court in favor of the defendant against the plaintiff for $205 and costs, and $193 thereof to be against the surety in the attachment bond. And as the plaintiff refused the written offer for judgment he will be required to pay the costs of this appeal.

MODIFIED AND AFFIRMED.