# Wotring *versus* Shoemaker.

1. A vendor who rescinds a contract for the sale of real estate, because the vendee failed to comply with the conditions of sale, cannot recover from the surety on a promissory note given by the vendee and the surety for a part of the purchase money.

2. The plaintiff, in such case, proved that one of the conditions of sale was that the vendee should not take possession until payment of the whole purchase money: that afterwards the vendor agreed that if the vendee would give a note with surety for the balance of purchase money, he should be permitted to take immediate possession; that the vendee gave the note, took possession· and remained in possession' for a considerable time. The court below instructed the jury to find for the defendant:*Held*, not to be error.

March 5th 1883.   Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green and Clark, JJ.

Error to the Court of Common Pleas of *Lehigh county :* Of January Term, 1883, No. 140.

Debt, by Esther Wotring, et al., administrators of Michael Wotring, deceased, against Stephen Shoemaker, administrator of William Saeger, deceased, upon a promissory note for $463.50, dated September 22d 1875, signed by Thomas Bertsch and William Saeger to the order of Peter Gross, and by him indorsed to the plaintiffs. It was admitted that William Saeger signed the note as surety for Thomas Bertsch, the maker.

On the trial, before Albright, P. J., the following facts appeared: At an Orphans' Court sale of real estate by the administrators of Wotring, Thomas Bertsch became the purchaser of a tract of land for $1,250, possession' not to be delivered until payment of purchase money. Bertsch paid $300, and gave a note for $500, and it was then agreed between him and the vendors, that if he would give a note for the balance of $450, with a satisfactory surety, he should be permitted to take immediate possession. Bertsch gave such note with one. Kehnel as surety, which was accepted as satisfactory, and he took possession. Some time afterwards Kehnel declined to continue as surety, and Bertsch then signed the note in suit, with Saeger as

[Wotring *v.* Shoemaker.]

surety, which was accepted by the vendors in place of the former note which was surrendered and cancelled. Bertsch remained in possession of the premises and ran a saw-mill thereon for a considerable time, and until he failed and made an assignment for creditors.

Having thus failed to pay the notes for the purchase money, the administrators of Wotring made application to the Orphan's Court for an alias order of sale, which was granted, the administrators thus treating the sale to Bertsch as rescinded, and the property was sold to one Henninger, and the sale was confirmed by the court.

The court charged the jury, that the plaintiffs, having taken the note for purchase money of land, and having themselves rescinded the sale, were not entitled to recover against the surety on the note. The court further charged as follows :

"It is contended by the plaintiffs that something else entered into the consideration of this note; that part of the consideration of the note was, that Bertsch should have possession at once upon the giving of the note, and before he had paid the whole purchase money in cash, which had been agreed upon. The court is of the opinion, however, that that fact, even if it were found, would not entitle the plaintiffs to recover, because after all Bertsch went into possession as a purchaser, and all he was to pay for the land, including the possession he obtained, was his bid of $1,250, and so this is a case, in the opinion of the court, where the seller of land is seeking to recover part of the purchase money of the land against a man who never obtained the title, on a sale which the seller himself rescinded ; because the administrators by making another sale of the land to Henninger rescinded the sale, and the plaintiffs cannot recover the purchase money in this case."

Verdict and judgment for the defendant. The plaintiff took this writ of error, assigning for error the above portion of the charge, and the instruction to find for the defendant.

*R. E. Wright & Son,* for the plaintiff in error.—We concede the principle contended for by the defendant in error, and its application to the ordinary cases of contracts for the sale of property ; but we submit that where there is a contract in addition to the mere contract of sale; where there is a distinct present advantage and profit, apart from the *sale* of the land passing from the vendor to the vendee, and in consideration of that distinct and separate advantage the vendee pays a specific portion of the purchase money or gives an obligation to do so ; that the mere rescission of the main contract of sale shall not per se entitle the vendee to recover back that part of the purchase money paid upon the separate and specific consideration or escape liability upon his promise to pay it ; and especially so

[Wotring *v.* Shoemaker.]

where the rescission is caused by the fault of the vendee, and he has enjoyed the full benefit of the collateral advantage. Bertsch could not have recovered back the money if it had been paid, and, on the same principle, can have no defence to this suit on the note given for it : Roland *v.* Tiernan, 8 W. & S. 193; Lighty *v.* Shorb, 3 P. & W. 447. The right to rescind depends upon the ability to restore the parties to their former positions : Stewart *v.* Keith, 2 Jones 238; Turnpike Co. *v.* Commonwealth, 2 Watts 433; Piper *v.* Sloneker, 2 Grant 113; Crossgrove *v.* Himmebrich, 4 P. F. S. 203. There was nothing unconscionable in the plaintiff's demand. The possession was worth more than the amount of the note; and the subsequent sale was for a much less sum. The question of additional consideration for the note, should have been submitted to the jury : Muirhead *v.* Kirkpatrick, 9 Harris 237; Jones *v.* Horner, 10 P. F. S. 217; Stroop *v.* Ranson, 10 Watts, 297.

*John Rupp* (*J. B. Deshler* with him), for the defendant in error.

The opinion of the court was delivered March 19th 1883.

Per Curiam.—This note was given as part payment of the purchase money of land. The vendee having failed to comply with the conditions of his purchase, the vendors elected to rescind the contract of sale. They applied to the Orphans' Court and obtained an alias order of sale, and sold the land to another purchaser. This suit is not to recover from the person to whom the property was first struck down, the difference between his bid, and the sum for which it was afterwards sold. It is against one who signed the note as security for the payment of so much of the purchase money. When that sale was rescinded, all liability for purchase money as such fell, and thenceforth the note was without consideration to support it.

Judgment affirmed.