F. VERNON SMITH, Plaintiff, v. JOHN ARNOLD TREUTHART and
Another, Defendants.

Supreme Court, Monroe County, July 21, 1927

**Bills and notes — action by vendor to recover on promissory note given
as down payment on executory contract for sale of land — not defense
that sale was not completed where failure to complete is purchaser's
default.**

In an action by the payee of a promissory note which was given as the down
payment on an executory contract for the sale of real property to the maker
of the note, it is not a defense that the contract of sale was not completed
where the failure to complete the contract is due to the default of the maker
of the note.

MOTION by plaintiff for judgment on a verdict in his favor in an action on a promissory note given as a payment by defendant on an executory contract for the sale of real estate.

*Edward L. Cleary* and *Robert T. Gallagher*, for the plaintiff.

*John F. Kinney* and *Eugene Raines*, for the defendants.

THOMPSON, J.  A jury has decided by way of answers to questions submitted that the note upon which plaintiff brings this action was made and delivered to him as a payment on an executory contract for the sale of real estate, upon which the maker of the note, who is also the vendee in the contract, afterwards defaulted. The question here to be determined is whether or not as matter of law payment of the note can be required of the defendant.  It is fundamental that a recovery of a down payment on an executory contract cannot be had either at law or in equity at the suit of a vendee who has refused or neglected to perform.  (*Page* v. *McDonnell*, 55 N. Y. 299; *Beveridge* v. *West Side Construction Co.*, 130 App. Div. 139, 144.)

It is also the settled law of this jurisdiction that an action lies upon a check given by a vendee in such circumstances.  (*Raubitschek* v. *Blank*, 80 N. Y. 478; *Palmer* v. *Golden*, 127 Misc. 487.)

So far as this case is concerned there is no difference between a note and a check.  A check is a bill of exchange drawn on a bank payable on demand.  (Neg. Inst. Law, § 321.)  A note is an unconditional promise to pay, made by one person to another. (Neg. Inst. Law, § 320.)  Notes, like checks, are ordinarily made payable at a bank, where they are presented and paid over the counter.  In practical business there is little difference between a bank note and a check, both being paid by the bank which for such purpose is not only the debtor of the maker of the check or note, but acts also as his agent.  So too a check is an unconditional promise of payment.  Both notes and checks are acknowledgments of indebtedness and promise of payment.  (*Hegeman* v. *Moon*, 131 N. Y. 462.)

Thus the giving of a note is not a payment of the indebtedness but merely suspends the right of the creditor until the maturity of the obligation, at which time he is free to pursue any remedy he may have.  (*Rukeyser* v. *Fountain & Choate, Inc.*, 185 App. Div. 263; *Hayward* v. *Empire State Sugar Co.*, 105 id. 21.)

" The giving and the acceptance of the check, in the absence of any agreement, was but a conditional payment."  (*Williams* v. *Brown*, 53 App. Div. 486, 487.)

Both note and check mature on the day that they are due, the

396    Burns Coal Co., Inc., *v.* Northwestern F. & M. Ins. Co.

Supreme Court, June, 1927.                    [Vol. 130

check upon the day of its date, and the note upon the day it is to be paid according to its terms.    If no time of payment is mentioned, a note, like the check, is due at once.    (Neg. Inst. Law, § 26.)

The payee in either a note or a check cannot bring an action upon it or upon the debt that it was given to pay until after proper presentment and demand for payment has been made.    Both are conditional payments and both are *prima facie* payments.    After presentment and refusal of payment, the payee may bring an action upon the instrument or upon the debt it was given to pay, and if he sues on the debt, the note or check is evidence of the liquidation of the account.    (*St. Albans Beef Co.* v. *Aldridge,* 112 App. Div. 803.)

So it is that in transactions of this sort there are no defenses to an action upon a check that cannot likewise be asserted in an action upon a note; and the converse of this proposition is equally true. Both may be payments that will extinguish the debt, depending almost entirely upon the sense in which they are accepted by the payee.    " The word ' pay ' means to satisfy by other means than cash as well as by cash."    (*Vollmer* v. *Automobile Fire Ins. Co.,* 207 App. Div. 67, 69.)

As matter of law, the defendant occupies the same position that he would if he had paid cash instead of by note, and was here suing to recover it from the vendee.    He could not succeed there, and cannot here.    (27 R. C. L. 624.)    Judgment on the verdict for plaintiff.    So ordered.