## BRAMWELL INV. CO. v. UGGLA et ux.

No. 5168. Decided December 14, 1932. (16 P. [2d] 913.)

*P. E. Norseth* and *J. E. Evans,* both of Ogden, for appellant.

*De Vine, Howell & Stine* and *Lewis J. Wallace,* all of Ogden, for respondents.

ELIAS HANSEN, J.

Plaintiff brought this action to recover upon a promissory note in the principal sum of $500, together with interest, costs, and attorney's fees. The complaint is in the usual form. Defendants answered. In their answer they allege that the note was without consideration, that it was given as the initial payment on a contract for the purchase of real property, and that such contract was canceled and terminated by the plaintiff prior to the time it commenced the action to recover on the note. The action was originally commenced in the city court of Ogden City, Utah. The trial resulted in a judgment in favor of the defendants. Plaintiff appealed to the district court of Weber county, Utah. The trial in that court resulted in a judgment in favor of the defendants. Plaintiff prosecutes this appeal from the judgment entered in the district court.

The facts out of which this litigation arose are these: On August 1, 1928, the plaintiff, as seller, and the defendants as buyers, entered into a written contract for the sale and purchase of a city lot and the improvements thereon located at 832 Binford avenue, in Ogden City, Weber county, Utah. The defendants are husband and wife. The contract made by the parties contains, among others, the following provisions:

"Said buyers agree to pay for said described premises the sum of Fifty-one hundred and twenty-eight dollars, payable in Ogden, Utah, strictly within the following terms, to-wit: Five Hundred Dollars cash, receipt whereof is hereby acknowledged, and Fifty Dollars or more Sept. 1, 1928, and same amount or more each calendar month thereafter until principal and interest are paid in full.

"In case full payment is made within one year, a special reduction of $200.00 will be made from contract. * * *

"In the event of a failure to comply with the terms hereof by the buyer or upon failure to make any payments when the same shall become due or within thirty days thereafter, the seller shall, at his option, be released from all obligations in law and equity to convey said property and the buyer shall forfeit as liquidated damages all payments which have been made theretofore on this contract, and the buyer agrees that the seller may, at his option, re-enter and take possession of said premises without legal process as in its first and former state, together with all improvements and additions made by the buyer thereon, and the said additions and improvements shall remain with the land and become the property of the seller, the buyer becoming at once a tenant at will of the seller. It is agreed that time is of the essence of this agreement."

At the same time the contract was executed defendants executed and delivered to the plaintiff the promissory note sued upon in this action. The note was made payable August 1, 1929. After the contract and note were executed, the keys to the house located on the premises covered by the contract of sale were delivered to the defendants. They left the keys with a neighbor. On the morning of the day after the contract was executed, the defendant Gayle Uggla, together with his father, called on the president of the defendant corporation, and informed him that defendants

would not go through with the contract they had signed the day before. The president of the defendant corporation refused to cancel the contract. Some time later the defendant Mildred Uggla called at the office of the plaintiff corporation and asked that the contract be canceled. The president of the plaintiff corporation again refused to cancel the same. At that conversation Mrs. Uggla stated, "We are not going to take possession of the property and if we have to pay the note we will have to take the loss." So far as appears, the defendants did not move into the house located on the premises here involved, but they examined it a few times after the contract was entered into. The evidence shows that there was no fraud or mistake connected with the execution of the contract. On December 5, 1928, the plaintiff wrote the defendants a letter which reads as follows:

"Gayle and Mildred Uggla, Laramie, Wyoming.

"This is to give you legal notice that inasmuch as your payments on your building contract covering real estate No. 832 Binford Avenue is now in default and that you have vacated the property, you are hereby notified that unless your back payments and delinquency are paid on or before the sixteenth day of December your contract will be cancelled and we will re-possess the property."

The letter was registered, and the return card showed that it was received by the defendants. Nothing further was done in the matter until February, 1929, when the plaintiff corporation took possession of and rented the property. The defendants made no payment on the purchase price of the property, unless it may be said that the promissory note constituted a payment. Upon these facts, the court below found that the promissory note sued upon was without consideration, and that, plaintiff having rescinded the contract of sale, it is thereby precluded from maintaining an action on the promissory note. The claim that the note was without consideration cannot be successfully maintained. It was given by the defendants and accepted by the plaintiff as and for the initial payment on the

contract for the purchase and sale of the property described in the contract. In the transaction of which the note formed a part, the plaintiff gave up a legal right, namely, the right to continue in the possession and absolute ownership of the property, and the defendants acquired a right, namely, the right to immediate possession, and, upon compliance with the terms of the contract, a conveyance to them of the property. Rights thus lost by one and acquired by the other constituted a sufficient consideration to support defendants' promise to pay the note.

A more difficult question to determine is: Were the defendants relieved from their liability to pay the note because plaintiff informed them that, unless the delinquent installments on the contract were paid on or before December 16, 1928, the contract would be canceled, ∎ and because of the further fact that plaintiff took possession of the property in February, 1928. Defendants contend that such acts on the part of the plaintiff relieved them from the payment of the note. On the other hand, plaintiff contends that, the note having been given and accepted as cash, and the parties having stipulated in their contract the amount that should be paid as liquidated damages in case of default in payments, the defendants were not relieved from liability to pay the note because of what was done by the plaintiff after the note was executed. In the case of *Dopp* v. *Richards*, 43 Utah 332, 135 P. 98, 102, it is said that the refusal of the vendee to make the payments on a contract, which was similar to the contract here involved, gave the vendor the choice of any of the following remedies:

"(1) An action for specific performance, (2) a suit at law to recover the purchase price, with interest, and (3) to re-enter and take possession of the land, and sue to recover damages for the breach of the contract."

The case of *Harsh* v. *Neil*, 52 Utah 533, 175 P. 606 follows and applies the law as announced in the case of *Dopp* v. *Richards*, supra. In both of the foregoing cases payments had been made on the contracts, and the vendors were

seeking to enforce further payments after the contracts had been declared forfeited by the vendors. It was held that, the vendors having declared a forfeiture of the contracts, they could not maintain an action on the contracts for any part of the purchase price. Neither of those cases involve the exact question which is here presented; namely, may a vendor maintain an action against the vendees on a promissory note given by them as the initial payment on a contract for the purchase of real property after the vendor has declared a forfeiture of the contract and taken possession of the property because of the failure of the vendees to pay the installments (other than the note), provided for in the contract. Upon that question there seems to be a conflict in the adjudicated cases. One line of authorities takes the view that a promissory note or check given as payment on a contract such as the one here involved is but an incident to the main contract, and as such confers no right upon the vendor to recover on such check or note after he has declared a forfeiture. The cases so holding proceed upon the theory that, as an action may not be maintained on a contract which has been rescinded, so likewise, an action may not be maintained upon an instrument which is an incident to the contract. The following cases cited by defendants lend some support to such view, although most, if not all, of them are distinguishable from the instant case: *Portner* v. *Tanner*, 30 Wyo. 85, 216 P. 1069, 30 A. L. R. 624; *Wotring* v. *Shoemaker*, 102 Pa. 496; *Steiner & Sons* v. *Baker*, 111 Ala. 374, 19 So. 976; *Earley* v. *France*, 42 N. D. 52, 172 N. W. 73; *Kunz* v. *Whitney*, 167 Wis. 446, 167 N. W. 747; *Glassell* v. *Coleman*, 94 Cal. 260, 29 P. 508; *Montelius* v. *Wood*, 56 Iowa 254, 9 N. W. 212; *Warren* v. *Ward*, 91 Minn. 254, 97 N. W. 886; *Stinson et al.* v. *Sneed* (Tex. Civ. App.) 163 S. W. 989; *Croup* v. *Humboldt Quartz & Placer Mining Company*, 87 Wash. 248, 151 P. 493, L. R. A. 1918A, 537; *Ives* v. *Bank of Lansingburgh*, 12 Mich. 361; *Arbuckle* v. *Hawks*, 20 Vt. 538; *Dishian* v. *Kishishian*, 64 Cal. App. 440, 221 P. 669.

Another line of authorities proceeds upon the theory that the same rule should be applied to a vendee who seeks to avoid the payment of a note or check which he has given as payment upon a contract as is applied when the vendee seeks to recover money which he has paid upon a contract. The authorities are generally agreed that, where a vendor declares a forfeiture of a contract because the vendee has defaulted in his payments, such vendee may not recover the money which he has paid. The same principle applies, according to one line of authorities, to a vendee who has defaulted in payment of installments on his contract, where he seeks to defeat a recovery on a note or check which he has given as the initial payment, even though the vendor has declared a forfeiture of the contract because of the vendee's default. Such view finds support in the following cases cited by the plaintiff: *Mulcahy* v. *Gagliardo*, 39 Cal. App. 458, 179 P. 445; *Thompson* v. *Killheffer*, 98 N. J. Law 359, 119 A. 770; *Palmer* v. *Golden*, 127 Misc. 487, 216 N. Y. S. 509.

Whatever difference of opinion there may be in other jurisdictions, the facts appearing upon the record in the instant case bring it within the rule announced by this court in the case of *Franz* v. *Hair*, 76 Utah 281, 289 P. 130. In that case plaintiff brought an action to recover ■ upon a promissory note which the defendant had given as part of the initial payment on a truck. At the time the initial payment was made and the note executed, the parties entered into a conditional sales contract whereby the purchaser agreed to pay in stated installments the balance of the purchase price. The conditional sales contract provided that, in the event of repossession of the property for default in payments, "all payments made by the purchaser shall be retained by the seller as damages for the use of the property." Prior to bringing the action, the plaintiff had repossessed the truck because the defendant defaulted in making the installment payments provided for in the contract. The defendant resisted payment of the note upon the

ground that, the plaintiff having repossessed the truck, he was therefore precluded from maintaining an action on the note. This court held that the "note sued on was part of the down payment, not included in the balance covered by the conditional contract, and by the terms of the contract was to be retained, in case of repossession of the property by the seller, as damages for the use of the property. There was no failure of consideration." The defendant in that case was held liable for the payment of the note. The note in this case was given and accepted as the equivalent of cash. The contract of sale referred to the note as a cash payment. It was the only payment made by the defendants. The contract involved in the instant case, as in the case of *Franz* v. *Hair*, supra, contains a provision that, in case the seller repossesses the property sold, he should retain the payments made as liquidated damages. The fact that personal property was involved in the one case and real property in the other does not alter the rule. The principal grounds urged on behalf of the respondents in support of the judgment in their favor is that plaintiff's cause of action, if it has one, is for damages occasioned by the breach of the contract. It is by no means clear that plaintiff may maintain such an action in the light of the provision contained in the contract that, in case plaintiff repossesses the property, "the buyer shall forfeit as liquidated damages all payments which have been made on this contract." That provision of the contract must refer to the promissory note here involved. Apparently the defendant Mildred Uggla so understood the contract when she said, "If we have to pay the note we will have to take the loss." This court is committed to the doctrine that, where the parties to a contract stipulate the amount of liquidated damages that shall be paid in case of a breach, such stipulation is, as a general rule, enforceable, if the amount stipulated is not disproportionate to the damages actually sustained. A different rule applies where the amount stipulated is oppressive, unconscionable, or is in the nature of a penalty rather than damages actually sustained. *Dopp* v.

*Richards,* supra; *Thomas* v. *Foulger,* 71 Utah 274, 264 P. 975. No claim was made in the court below, and no claim is here made on behalf of the defendants that the amount owing upon the note here involved is disproportionate to the damages actually sustained by the plaintiff as a result of the breach of the contract by the defendants. No claim was made in the case of *Franz* v. *Hair,* supra, that it would be oppressive, unconscionable, or in the nature of a penalty to require the defendant in that case to pay the note sued upon. It is urged in appellant's brief that $500 is not an unreasonable amount to allow as damages for the breach of a contract involving $5,128.00. In the absence of any evidence as to the market value of the property at the time it was repossessed by the plaintiff, it cannot be determined what damage, if any, was sustained by the plaintiff. All that need be said is that the defendants do not urge that the note is unenforceable upon the grounds suggested by plaintiff, and therefore that question is not before us. Upon this record it appears that plaintiff gave a consideration for the note sued upon. It further appears that the parties by their written contract agreed that the note should be treated as the equivalent of cash, and that, in case the defendants defaulted in their payments, plaintiff should have the right to repossess the property and retain the note as liquidated damages for the breach. The parties having entered into such an agreement, plaintiff is entitled to the fruits of its contract, unless it be made to appear that the note is unenforceable for some reason or reasons other than those urged by them.

The judgment is reversed. This cause is remanded to the district court of Weber county, with directions to grant a new trial. Appellant is awarded its costs on this appeal.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.