**Sylvia BRODSKY, Appellant,**

v.

**George S. LINDER and Ann C. Linder, Appellees.**

**No. 1703.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 14, 1955.

Decided Dec. 8, 1955.

Arthur L. Willcher, Washington, D. C., for appellant.

George S. Linder and Ann C. Linder, pro se.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

**CAYTON, Chief Judge.**

This was a suit for the amount of a check given as a deposit under a written contract for the purchase of real estate. Defendants refused to complete the purchase, and in the meantime the check had been returned unpaid because of insufficient funds. The trial court found for defendants and plaintiff brings this appeal.

It should be stated at the outset that defendants made no charge that the plaintiff or her broker was responsible for the collapse of the deal. In their answer defendants said they had called the deal off because they were confronted with two emergencies—a death in the family and a demand for the immediate payment of a substantial amount of income taxes. At the trial they presented no other grounds of defense but said that because of "some unforeseen matters" they had told plaintiff that "they were not going to comply with the contract."

Fully sympathizing with defendants' personal misfortunes, we must nevertheless decide the case according to the contract between the parties and the applicable law. The contract contained the usual provision that in the event of purchasers' default the deposit might be forfeited at the option of the seller, in which event the purchasers were thereby relieved from further liability. In this jurisdiction it is settled beyond question that such provisions are valid and enforceable. Sheffield v. Paul T. Stone, Inc., 68 App.D.C. 378, 98 F.2d 250; Barnette v. Sayers, 53 App.D.C. 169, 289 F. 567; Simms v. Bovee, D.C.Mun.App., 68 A.2d 800.

And this court has ruled that when a deposit is made in the form of a promissory note, the defaulting purchaser is liable thereon. See Mitchell v. Ralph D. Cohn, Inc., D.C.Mun.App., 52 A.2d 631, where we said: "The note was given for a valuable consideration and represented appellant's earnest to bind his bargain and complete the purchase. When for no legal reason and by his own choice he failed to

do so, he became liable on the note." Also, in Schlosberg v. Shannon & Luchs Co., D.C.Mun.App.; 53 A.2d 722, we held that there was liability on a check which was given as a deposit, and then payment thereof stopped by the defaulting purchaser. We listed a number of decisions declaring the same rule of law in other jurisdictions. Additional decisions may now be cited to the same effect. For example, the comparatively recent decision in Tudesco v. Wilson, 163 Pa.Super. 352, 60 A.2d 388, where on similar facts the court said: "To bar this action, * * * would do violence to the clear intention of the parties to provide for an effective liquidated damage clause * * * and would ignore the vital language of the said damage clause." Elsewhere the same rule has been followed. Smith v. Treuthart, 130 Misc. 394, 223 N.Y.S. 481; Schottenstein v. Devoe, 83 Ohio App. 193, 82 N.E.2d 552; Kraft v. Michael, 166 Pa.Super. 57, 70 A. 2d 424.

We have found only one case which states a different view concerning checks given as a deposit. Portner v. Tanner, 30 Wyo. 85, 216 P. 1069, 30 A.L.R. 624. That decision was based largely on the fact that plaintiff had resold the property while the suit was pending and the court regarded such resale as nullifying vendee's obligation under the checks.

From the record in the case before us it appears that the trial court was of the opinion that plaintiff had not decided to declare a forfeiture but had elected to declare a breach of contract and sue for damages, and that plaintiff could not prevail because she had produced no evidence of damage. We cannot take that view of the matter. It is true that at the end of the complaint plaintiff alleged that she had been "damaged by defendants' breach of contract," but in the body of the complaint it was made quite plain that the suit was based on the forfeiture clause of the contract, and that plaintiff claimed that a forfeiture had been worked by defendants' default and that they should be required to pay the amount of the dishonored check.

This position was also stated by plaintiff's counsel during the trial when responding to a question by the court he said that the action was to recover liquidated damages in the amount of the deposit in order to enforce forfeiture of the unpaid check. Under the circumstances we have recited and in the complete absence of any valid defense, we must hold that the finding was based on erroneous grounds.

Reversed.