No. 18,112.

Henry Weitzel No. 2 *v.* Elizabeth Alles, et al.

(322 P. [2d] 698)

Decided March 10, 1958.

Mr. David J. Miller, Mr. Melvin Dinner, for plaintiff in error.

Mr. Karl R. Ahlborn, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Under a contract of purchase and sale dated March 7,

1955, John W. Alles, Jr. purchased certain real estate and equipment located at Ault, Colorado, from Henry Weitzel No. 2 for $14,000 on monthly installments of $150.00 each, to be paid by John W. Alles, Jr. Nothing was paid down and no provision was made for a down payment in the contract of purchase and sale, which, among other things, provided:

"In addition to the monthly payments of $150 to be applied on interest and principal, the Purchaser shall pay the sum of $2000 on said principal on or before April 1, 1956. Said $2000 shall be guaranteed by Elizabeth Alles, the Purchaser's mother, and said obligation shall be evidenced by a judgment note."

Pursuant to the contract the note was executed by John W. Alles and Elizabeth Alles. Typed on the note appears the following:

"This note is subject to the conditions of the contract of March 7, 1955, between Henry Weitzel No. 2 and John W. Alles, Jr."

It is agreed that John W. Alles, Jr. entered into possession of the property, but failed to make any of the payments under the contract. On July 28, 1955, Henry Weitzel No. 2 declared a forfeiture of the contract because of defaults in the monthly payments, and repossessed the property. Subsequently he brought suit on the note. Issue was joined the defendants pleading "That by reason of the recision, cancellation and forfeiture of the contract by the plaintiff and the recovery on July 28, 1955, by the plaintiff of the premises described in said contract said plaintiff was never, is not now, and will not in the future be entitled to the aforementioned Two-Thousand Dollar Payment; that plaintiff is not entitled to recover on the promissory note marked 'Exhibit A' from either of the defendants named herein."

Trial was to the court resulting in judgment in favor of defendants. Plaintiff Weitzel brings the case here on writ of error.

On behalf of plaintiff in error it is contended that the

cancellation of the purchase and sales agreement and repossession of the property by Weitzel does not constitute a discharge of the promissory note signed by Alles, Jr. and his mother.

Nowhere in the pleadings or in the evidence is it suggested that the note in question was delivered to Weitzel in lieu of cash as a down payment on the contract, nor is it intimated that the seller accepted the note sued on in lieu of any cash payment provided for in the contract. The contract provides "that if the Purchaser (Alles, Jr.) shall first make the payments and perform the covenants and agreements hereinafter mentioned on his part to be made and performed, the vendor (Weitzel) hereby convenants and agrees to sell and convey by warranty deed to said purchaser his title to and interest in the following described real estate and property * * *." No mention is made of any payments except those thereafter to be made to apply on principal and interest.

It further provided for cancellation by the seller in the event the purchaser failed to make any or all of the payments therein required to be made and "Upon such cancellation all payments that shall have been theretofore made and all buildings and improvements upon said land shall be retained by the Vendor as payment for the use and occupation of said premises and *in full satisfaction and liquidation of all damages sustained by the Vendor.*" (Emphasis supplied.)

The promissory note sued on was specifically tied into, and became a part of, the contract. We are unable to glean from the pleadings or the evidence an intention of the parties that the note was to be considered as a down payment, nor did they consider it to be an unconditional promise to pay the $2,000, notwithstanding the forfeiture and cancellation of the contract. In fact, the brief of counsel for Weitzel makes this statement: "John W. Alles, Jr. purchased a building and equipment at Ault, Colorado, under contract * * * from

Henry Weitzel for $14,000.00 with *no down payment,* on monthly installments of $150.00 per month."

All of the cases cited by plaintiff's counsel proceed on the premise that a note given and accepted as a down payment is a binding obligation. Such is not the case before us. Here had the parties intended the note in question to be a down payment, the amount thereof, $2,000, would have been credited on the $14,000 purchase price, leaving a balance of $12,000 to be paid in installments. Having terminated the contract, according to its terms, Weitzel was entitled to retain "in full satisfaction and liquidation of all damages" he had sustained, "all payments * * * *theretofore made."* We hold that a note given under the circumstances shown in the record before us is but an incident of the main contract and confers on the vendor no right to recover thereon after he has declared a forfeiture and terminated the contract. (Emphasis supplied.)

Other points urged for reversal we find to be without merit.

The judgment is affirmed.

MR. JUSTICE SUTTON not participating.