325 P.2d 923

Sam SANDERS, Plaintiff-Appellant,

v.

J. B. FREELAND, Defendant-Appellee, Wayne Adams, Intervenor-Appellant.

No. 6205.

Supreme Court of New Mexico.

April 23, 1958.

Rehearing Denied June 13, 1958.

Reese, McCormick, Lusk & Paine, Carlsbad, A. J. Losee, Artesia, for plaintiff-appellant.

Bean, Osborn & Snead, Roswell, for intervenor-appellant.

Brown & Brainerd, Roswell, for defendant-appellee.

McGHEE, Justice.

On May 19, 1954, appellant made a written contract with appellee to sell his equity in a farm which was conditioned upon completion of appellee's May 14 contract of sale and exchange of his farm plus $40,000 to one Haskel Markham. The sale to Markham was never completed, and the defendant did not go through with his purchase from the plaintiff. The plaintiff brought action on the contract's liquidated damages clause.

Plaintiff's agent to sell the property is an intervenor in this action for his commission.

The court found that the contract between defendant and Markham was conditioned on both parties giving marketable title and by its terms was not to be performed before July 1. The contract between appellant and appellee was conditioned upon completion of the sale between the appellee and Markham and by its terms had to be completed by June 10.

The appellant appeals from the holding that there was no enforceable contract between appellant and appellee to which the penalty provision could attach because the condition precedent was never performed.

The trial court refused the appellee's requested conclusion that the contract was impossible of performance. However, the findings of fact that the May 14 contract was a condition precedent to liability on the May 19 contract and was not to be performed until July 1 allows of no conclusion but that the May 19 contract which

had to be performed by June 10 was impossible of performance.

Evidence at the trial showed that appellee would not have the money to buy appellant's farm until the deal with Markham was completed and that appellant insisted upon the contract being performed by June 10. Appellant's real estate agent wrote the May 14 contract between appellee and Markham, and appellant's lawyer drew up the May 19 agreement between appellant and appellee so that appellant was fully aware of all the terms of both contracts. Both contracts recited that time was of the essence.

The May 14 contract of sale between appellee and Markham reads:

"* * * and that this trade deal shall not be closed out prior to July 1, 1954."

The pertinent provisions of the May 19 contract of sale between appellant and appellee reads (appellant is referred to as second party, appellee as third party, and appellant's vendor as first party):

"* * * Whereas, third parties have sold a farm located one and one half miles southwest of Dexter, New Mexico, containing 102 acres to Haskel Markham, conditioned upon purchaser obtaining a $20,000.00 loan commitment on said farm, and * * *.

"* * * This contract is conditioned in all things upon third parties completing the sale with Haskel Markham above mentioned, wherein the buyer obtains a loan commitment of $20,000.00 on or before May 31, 1954. In the event this loan commitment is not received by May 31, 1954, third parties shall immediately notify first and second parties of this fact, and thereafter this contract to be of no force. In the event such loan commitment is received by May 31st and in the further event third parties do not pay to second parties the sum of $85,500 on or before June 10, 1954, third parties shall become obligated to pay to second parties the sum of $7,550.00 as liquidated damages for the breach of this contract and second parties may proceed to collect the same by an action at law or otherwise."

The appellant argues that the recitation "this trade deal shall not be closed out prior to July 1, 1954" means that the contract could not be performed after July 1. If the parties meant to say the opposite of what they actually said they could have easily substituted the word "after" for the word, "prior".

The court below ruled each contract alone was unambiguous, and the terms of a contract where unambiguous are conclusive. Fuller v. Crocker, 1940, 44 N.M. 499, 105 P.2d 472. The contracts must be read together and that is when the ambiguity arises. The ambiguity cannot

be resolved by resort to the overall intent of the parties because there is not complete identity of parties to the two contracts. What appellant and appellee might have intended cannot change what the third party, Markham, agreed to, and the court cannot effectuate the intent of appellant and appellee by changing the contract made by Markham.

■ The May 19 contract was, therefore, impossible of performance because it had to be completed by June 10 and was conditioned upon completion of the May 14 contract of sale which could not be completed until July 1. Impossible conditions cannot be performed; and if a person contracts to do what at the time is absolutely impossible, the contract will not bind him, because no man can be obligated to perform an impossibility. Jacksonville, M. P. Ry. & Nav. Co. v. Hooper, 1896, 160 U.S. 514, 528, 16 S.Ct. 379, 40 L.Ed. 515; Jones v. United States, 1877, 96 U.S. 24, 29, 24 L.Ed. 644. See also Wood v. Bartolino, 1944, 48 N.M. 175, 146 P.2d 883.

■ The rule that a promise to be sufficient consideration to be binding requires it to be lawful, definite and possible. Washington Chocolate Co. v. Canterbury Candy Makers, 1943, 18 Wash.2d 79, 138 P.2d 195. There is no way appellant and appellee's contract could be performed. If the May 14 contract was mutually rescinded there would be a failure of the condition precedent to liability of the appellee on the May 19 contract. Conversely, as long as the May 14 contract remained in effect the condition precedent could not be performed before the May 19 contract lapsed by its own terms. Though the courts will, if possible, interpret a contract so as to render it valid, they cannot under the guise of interpretation write a new contract for the parties. Fuller v. Crocker, 1940, 44 N.M. 499, 105 P.2d 472; § 620, Vol. III, Williston on Contracts, Revised Edition. The appellee having bound himself to do the impossible has furnished no consideration. The parties in making a contract impossible of performance made no contract at all, and neither have any rights or liabilities under the May 19 instrument.

It is unnecessary to consider the other questions raised by the appellant in regard to the validity of the contract.

In regard to the case of the intervenor, in which he seeks to recover a real estate commission from the appellant, the lower court held that since the contract of sale was conditional, and the condition never happened that the defendant was never legally bound to buy the plaintiff's property and, therefore, the intervenor was not entitled to his commission. The plaintiff admits he would be liable to the intervenor if he recovers against Freeland.

■ It is well settled that a broker has earned his commission when he pro-

duces a prospect who is ready, willing and able to purchase on terms agreeable to the seller. Simmons v. Libbey, 1949, 53 N.M. 362, 208 P.2d 1070, 12 A.L.R.2d 1404. Although a binding written contract is not required in order to entitle a broker to his commission, Williams v. Engler, 1942, 46 N.M. 454, 131 P.2d 267, the agent, here, produced a purchaser who was only conditionally ready, willing and able to buy, and the condition never being removed there was no purchaser ready, willing and able to buy entitling the agent to his commission.

In Simmons v. Libbey we had a situation where the buyer had made a substantial down payment, and thereafter defaulted because of inability to sell certain property in Colorado. The buyer insisted on securing all of such payment to the exclusion of the agent, although the former had completely taken over the deal. Such a situation tipped the scales in favor of the agent in that case. We have no such situation here. The intervenor drew the contract between Freeland and Markham, and took an active part in the Freeland-Sanders deal. We do not care to extend the doctrine of the Simmons v. Libbey case so as to award recovery to the intervenor.

The judgment is affirmed. It is so ordered.

LUJAN, C. J., and COMPTON, J., concur.