No. 18,713.

BENNETT HORTON *v.* JOHN K. HEDBERG, ET AL.
(351 P. [2d] 843)

Decided May 9, 1960.

Mr. ROGER F. JOHNSON, Mr. GASPER F. PERRICONE, for plaintiff in error.

Mr. SHELDON S. EMESON, for defendants in error.

*In Department.*

PER CURIAM.

THE parties appear here in the same order as they appeared in the trial court, and we will refer to them either by name or as they there appeared.

Plaintiff filed his complaint in the Superior Court of the City and County of Denver and after the proper jurisdictional allegations alleged that the defendants had made and executed a promissory note to the plaintiff to be payable on acceptance of a certain contract as written. The complaint then alleged that Exhibit B was a true copy of the contract referred to in the promissory note.

Exhibit B was a receipt and option agreement for the purchase of real estate, executed on a form in general use in the City and County of Denver, and provided the terms upon which the Hedbergs might purchase from the owner property located at 5549 Wadsworth Avenue in Denver.

It was further alleged that the contract was properly executed by all the parties, that the promissory note became due and payable on December 5, 1956, when the contract was signed and has not been paid.

The defendants admitted the execution of the note by them, but denied that it was executed for valuable consideration. They further admitted that they have not paid the same; admitted the execution of the receipt and option agreement, but claimed that plaintiff had failed to perform conditions precedent necessary under the terms of Exhibit B; and that Exhibit B is void and of no effect and defendants are released from obligation thereunder.

The trial court determined the matter solely as a question of law, holding that the receipt and option

64

agreement, on its face, was a "contingency contract," and that the promissory note existed only by virtue of the Exhibit B and was security for it. Further, that the sale not having been consummated, (for reasons which do not appear from the record before us, there being no transcript of the evidence) the option contract never came into existence, hence considerations for the note failed. Judgment was entered for the defendants and the plaintiff is here on writ of error.

The trial court having grounded its judgment upon the effect of the written instruments, admittedly executed by defendants, we need decide only whether the determination so made was erroneous.

█ Exhibit B evidences the payment of $1,050.00 by defendants as part payment for the real estate known as 5549 Wadsworth Avenue and sets forth the terms and conditions upon which the option to purchase is to be exercised, including a provision that if any payment or condition is not made, tendered or performed by the purchasers, then the contract is void and of no effect and both parties released from obligation thereunder, provided, however, that the payments made thereon are to be retained as liquidated damages. Such an agreement is merely an option agreement, granting to vendees the election to complete the purchase or to forfeit the down payment. *Stelson v. Haigler*, 63 Colo. 200, 165 Pac. 265.

█ The promissory note, Exhibit A, was given in lieu of the cash payment, and became an absolute obligation upon the signing of Exhibit B. Had the defendants deposited cash rather than their promise to pay upon execution of the option, there can be no question but that the forfeiture clause would be operative as against a claim for refund. In the eyes of the law, their promissory note is as good as their cash.

█ The trial court was in error in determining as a matter of law that the note became due and payable

only upon the ripening of the receipt and option agreement into a completed sale and purchase.

As observed above, the trial court made no findings based upon the evidence presented at the trial, and so far as appears from the record here, facts may have been presented at the trial which would operate to relieve defendants of a forfeiture.

The judgment is reversed and the cause remanded for specific findings of fact upon the issues presented by the pleadings and evidence, or for a new trial.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE MOORE and MR. JUSTICE KNAUSS concur.