No. 19,073.

WESTMINSTER CORPORATION *v.* NEPTUNE URANIUM CORPORATION.

(355 P. [2d] 1095)

Decided October 17, 1960.

Mr. ARTHUR W. BURKE, JR., for plaintiff in error.

Mr. KARL C. BRAUNS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

WE will refer to the parties as they appeared in the trial court, where defendant in error was plaintiff and plaintiff in error was defendant.

Plaintiff sought to recover $15,000 based on a written contract for the purchase and sale of certain mining leases. By this contract $5,000 was to be paid upon execution thereof and $10,000 within ninety days thereafter; the balance of the purchase price was to be paid in annual installments. The agreement provided, inter alia:

"It is mutually agreed that this agreement is subject to title approval by Attorney for party of the second part. Such title may be subject only to exceptions as are usual in title opinions of unpatented mining claims on the public domain. This agreement is also subject to approval of the assignment of the previously referred to leases by the land owners (leasors to first party) and to first party satisfactorily showing that it has complied with the laws of the State of Colorado and the United States and its own Charter and By-Laws in regard to this sale. In the event of failure of title, failure of approval of assignment of leases or failure to show compliance with the laws of the State of Colorado or the United States and Charter and By-Laws of the party of the first part all payments previously made by party of the second part shall be returned forthwith and this agreement terminated. All instruments and documents necessary to show compliance and approval as above shall be submitted to party of the second part within ten days from the date hereof and any objections made thereon shall be submitted to party of the first part within sixty days of the delivery thereof."

It appears that at the time the contract was executed the plaintiff had not obtained the original lessor's consent to the assignment of the leases. However, within a few days after the execution of the contract, plaintiff obtained new leases which included the lessor's consent to assignment thereof. The entire transaction was then approved by counsel for defendant.

Upon execution of the agreement defendant went into possession of the properties and mined the same for a period of some four months.

At the time of the execution of the contract defendant delivered a check to plaintiff for $5,000, representing the down payment, which check showed on its face the following:

"Initial payment in behalf of Warren Oil & Uranium Mining Co. Inc. Good faith money to be replaced by a certified check when all legal papers have been cleared by Warrens Attorneys."

Some three months after the delivery of this check it was presented for payment at the bank on which it was drawn and returned marked "insufficient funds." The ten thousand dollars to be paid within ninety days after execution of the contract was not paid, and thereafter defendant voluntarily abandoned the property. Ore of some eight or more thousand dollars in value was mined and removed by defendant.

Following abandonment of the property by defendant, plaintiff instituted its action to recover the $5,000 initial payment, and the $10,000 which was to have been paid within ninety days after execution of the contract. The defense was predicated on the following paragraph of the contract:

" * * * but in case of failure of the party of the second part to make any one or more of said payments, or perform any of the covenants agreed to be made and performed by the party of the second part, party of the first part shall give notice to party of the second part and to the escrow agent hereinafter provided for, by registered mail of its intention to terminate this agreement, and second party shall then have thirty (30) days in which to make said payments, or perform the covenants previously herein agreed to be performed by it. Upon the failure of the party of the second part to make any one or more of the said payments or to perform any of the above covenants agreed to be performed by it,

and after notice above provided for, the first party may terminate this agreement and in such event, second party shall forfeit all payments made to first party as liquidated damages, but in no case shall party of the first part have any recourse, damages, or claims against second party except termination of this agreement and liquidated damages above provided for."

Following a trial of the issues, judgment was entered in favor of plaintiff for $15,000, and defendant brings the case here by writ of error seeking reversal.

No contention has been or is now made that under the circumstances shown there was necessity for giving notice of default as provided in the last quoted paragraph, but were it otherwise the actions of defendant were such as to constitute a waiver. It is clear that no notice of default was necessary.

■ It is equally clear that the $10,000 installment which was not paid, hence cannot be considered as a "payment made" under the forfeiture provisions of the contract, cannot be recovered, and plaintiff can assert no claim therefor.

■ A different situation is presented with reference to the check for $5,000 given as an initial payment. It is clear from the use of the term "initial payment" on the face of the check that it was given and intended to represent the initial payment. Counsel for defendant conceded on oral argument that this check was in reality a promissory note. That the defendant accepted the check as such is evidenced by its action in delivering possession and permitting defendant to occupy and work the mining claims. A note given and accepted as a down payment is a binding obligation. See *Weitzel v. Alles,* 137 Colo. 165, 322 P. (2d) 698.

■ Nowhere in the record is there any objection to the form of the pleadings and under our rules where a case is made out under an appropriate demand for relief, the judgment rendered if sustained by competent evidence, must be affirmed.

The judgment is ordered modified by reducing the amount thereof to $5,000, and as so modified is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DOYLE concur.