385 P.2d 950

**Donn T. DAVIES and Henrietta Davies, Plaintiffs-Appellees,**

v.

**Franklin L. BOYD and Barbara B. Boyd, Defendants-Appellants.**

No. 7207.

Supreme Court of New Mexico.

Sept. 16, 1963.

Catron & Catron, Santa Fe, for appellants.

George T. Reynolds, Taos, for appellees.

NOBLE, Justice.

Defendants, by written contract, agreed to buy real estate in Taos County, New Mexico, for $17,500, of which $8,000 was represented by defendants' promissory note payable on or before two years from its date, and the remainder payable at $100 per month including interest. A deed was held in escrow to be delivered upon payment in full. The $8,000 note was secured by a mortgage upon other property of defendants. Within a few months, defendants became in default in the monthly payments and plaintiffs gave written notice of their election to terminate and cancel the contract and to retake possession. Possession of the property was redelivered to plaintiffs who commenced suit upon and foreclosure of the $8,000 note and mortgage upon its default. This appeal is from the judgment in plaintiffs' favor and against defendants for the amount of the note, interest and attorney fees, and decreeing foreclosure of the mortgage securing that note.

■ Plaintiffs contend that the note and mortgage (1) were given "in lieu" of a down payment on the purchase of the Taos real estate; (2) stand in the same position as any other payment made on the purchase; and (3) were forfeited upon cancellation of the contract by plaintiffs for default in the monthly payments. We do not so construe the purchase and sale contract between the parties.

The written contract commenced with a statement that sellers had only a contract of purchase for the real estate with a deed in escrow. There is a recital that purchasers (defendants) were unable to make a down payment but were willing to give a second mortgage on other property, securing their promissory note of $8,000 made payable to sellers on or before two years from date. The contract provided that the purchase price of $17,500 should be payable, $8,000 by the promissory note secured by the second mortgage on other real estate, and the remaining $9,500 to be payable at the rate of $100 per month including interest. The contract provided that upon default in such payments, the sellers (plaintiffs) might, at their option, upon thirty-days written notice, declare the contract null and void, and retain all payments made under the contract as liquidated damages, and receive the deed back from the escrow agent.

■ While the contract of purchase and sale recites that purchasers are unable to make a cash down payment and that they are willing to execute the note and secure it by a mortgage on other real estate, we find nothing ambiguous in the language of the contract, nor anything in its language requiring the construction contended for by plaintiffs. The purpose, meaning and intent of the parties to a contract is to be deduced from the language employed by them; and where such language is not

ambiguous, it is conclusive. The court's duty is confined to interpretation of the contract which the parties made for themselves and may not alter or make a new agreement for the parties. Fuller v. Crocker, 44 N.M. 499, 105 P.2d 472; Hoge v. Farmers Market & Supply Co. of Las Cruces, 61 N.M. 138, 296 P.2d 476; Sanders v. Freeland, 64 N.M. 149, 325 P.2d 923. See Moore v. Freeman, 58 N.M. 139, 266 P.2d 674, 41 A.L.R.2d 1388.

In our view, the contract, in this case, does not provide that sellers accepted purchasers' promissory note as part payment, but it represented a separate obligation of purchasers to pay one of the installments of the unpaid purchase price. It was, like other obligations of purchasers under the contract, one to make payment at the time provided. We think that purchasers' default in payment of this note would have been such a default as would have authorized sellers to exercise their option to elect to rescind the contract and receive back their deed from the escrow agent, or enforce the agreement.

The parties to a contract may provide for its rescission upon any terms agreeable to them; Young v. Lee, 47 N.M. 120, 138 P.2d 259, and this court has indicated that a provision for forfeiture of installment payments made prior to default, which approximate rent, will be approved, at least where reasonable notice of default is required by the contract. Bishop v. Beecher, 67 N.M. 339, 355 P.2d 277; Young v. Lee, supra. The sellers had the option to consider the contract still in force, sue for breach of its terms or the enforcement thereof, or, on the other hand, to disaffirm the contract and retain the payments made by purchasers as liquidated damages. Under the doctrine of election of remedies, they could not disaffirm it and sue for any part of its performance. It seems to be the general holding of the courts that a vendor may not maintain an action to recover any part of an unpaid purchase money where he has rescinded or forfeited a contract. Allen v. Borlin, 336 Ill.App. 460, 84 N.E.2d 575; Portner v. Tanner (1923), 30 Wyo. 85, 216 P. 1069, 30 A.L.R. 624. Where a contract for sale of real estate is accompanied by the purchaser's note or other separate obligation for a part of the purchase price, termination or cancellation of the contract or claim of forfeiture under its terms, because of default by the purchaser, is generally held to destroy the consideration for the separate obligation of the purchaser and it is no longer enforceable against him. Annotation, 30 A.L.R. 631. Compare Horton v. Hedberg, 143 Colo. 62, 351 P.2d 843; Hinsch v. Mothorn, 44 Idaho 539, 258 P. 540.

The trial court found as a fact that defendants only made five monthly payments, and that after written notice plaintiffs did elect to and did rescind the contract, and took possession of the real estate. Having

declared a forfeiture, and elected to rescind the contract, it follows as a matter of law that there can be no recovery of the note representing an unpaid part of the purchase price. The rescission of the contract destroyed the consideration for the note which was given, not as payment, but as evidence of a payment to be made under the terms of the contract. Gray v. Mitchell (1934), 145 Or. 519, 28 P.2d 631; Waite v. Stanley, 88 Vt. 407, 92 A. 633, L.R.A. 1916C, 886; Blenz v. Fogle (1923), 127 Wash. 224, 220 P. 790.

We have considered the decisions cited and relied upon by appellees and find them either distinguishable upon their facts or we decline to follow them.

Other points asserted and argued have either been resolved by what has been said, are unnecessary to decide, or are found to be without merit.

The judgment will be reversed and the cause remanded with instructions to enter a new judgment not inconsistent with this opinion.

It is so ordered.

COMPTON, C. J., concurs.

MOISE, J., concurring specially.

MOISE, Justice (concurring specially).

While agreeing with the conclusion reached in the opinion, I have difficulty with the reasoning adopted in arriving there.

The opinion indicates there is no ambiguity in the contract and interprets the language used as being clear that the $8,000.00 note and mortgage were not intended as a down payment, but were in lieu thereof.

It seems to me that an ambiguity is present by virtue of the statement that purchasers are *"not at this time able to make a down payment"* but are "willing to give a second mortgage * * * for the sum of $8,000.00, which note and mortgage will be executed on the same date as this contract" and the language appearing in paragraph 1 that " * * * $8,000.00 of which (the total purchase price of $17,500.-00) *is being paid* by the execution of a note and second mortgage. * * * " (Emphasis supplied).

As already suggested, the contract is ambiguous as to the exact intent of the parties in the event of default. It is universally recognized that forfeitures are not favored in the law, and this being true it follows naturally that ambiguous language in a contract will be construed, if possible, so as to avoid a forfeiture. I quote the following pertinent language from Ballard v. MacCallum, 15 Cal.2d 439, 101 P.2d 692, 695:

"In the instant case we are not required to apply this doctrine (permitting relief from forfeiture provi-

sions) and grant relief from express and unmistakable language compelling a forfeiture. The problem here is much simpler. We have two possible constructions, one of which leads to a forfeiture and the other avoids it. In such a case the policy and rule are settled, both in the interpretation of ordinary contracts and instruments transferring property, that the construction which avoids forfeiture must be made if it is at all possible."

To like effect are Universal Sales Corp. v. California Press Mfg. Co., 20 Cal.2d 751, 128 P.2d 665; O'Morrow v. Borad, 27 Cal.2d 794, 167 P.2d 483, 163 A.L.R. 894; Abercrombie v. Stoddard (1924) 39 Idaho 146, 228 P. 232; Manson v. Dayton (C.C.A. 8, 1907) 153 F. 258. In Hogg v. Forsythe, 198 Ky. 462, 248 S.W. 1008, 1011, is found the following language:

"Forfeitures are not favored either at law or in equity. A forfeiture from its nature implies the taking away from one of some pre-existing right, and this the courts will never do unless the equities of the situation are such there is no way to avoid it.

"Not only so, courts are always slow and reluctant to declare or enforce a forfeiture, and in the interpretation of a forfeiture clause in a contract will strictly construe it against the party who has invoked it and claims the right of forfeiture. * * *"

If we analyze the forfeiture clause in the present contract wherein it states that "payments made hereunder" may be retained, to determine if the ambiguous provisions require or demand that the note be included thereunder, as "payments," it becomes clear that the language used does not necessarily require such a result and, accordingly, we should determine otherwise.

I would dispose of the case on this basis and not on the doctrine announced in Portner v. Tanner, 30 Wyo. 85, 216 P. 1069, 30 A.L.R. 624, and followed in the opinion of the majority. We have several times recognized the principle that forfeitures are not favored. Stamm v. Buchanan, 55 N. M. 127, 227 P.2d 633; Patten v. Santa Fe Nat. Life Ins. Co., 47 N.M. 202, 138 P.2d 1019; Martin v. New York Life Ins. Co., 30 N.M. 400, 234 P. 673, 40 A.L.R. 406. The reasons for denying forfeiture here where the contract does not clearly require us to do otherwise is in accord with the law cited above.

There is a line of cases holding that even where a check (or note) is given, upon termination of the contract, and resale of the property, there can be no recovery on the check (or note). The leading case so holding is Portner v. Tanner, supra. This case has been cited consistently and followed by a number of courts, and is relied upon by the majority. However, other courts have come to a contrary conclusion. Typical is Branwell Inv. Co. v. Uggla, 81 Utah

85, 16 P.2d 913, wherein the conflict is plainly shown and cases on both sides are cited. Gray v. Mitchell, 145 Or. 519, 28 P.2d 631, and Adamczik v. McCauley, 89 Mont. 27, 297 P. 486, and particularly the latter, probably are the best expositions of the rule. On the other side of the proposition are Brodsky v. Linder (D.C.Mun.App. 1955) 118 A.2d 803, and Andresen v. Simon, 171 Minn. 168, 213 N.W. 563. Horton v. Hedberg, 143 Colo. 62, 351 P.2d 843, cited in the opinion, and Weitzel v. Alles, 137 Colo. 165, 322 P.2d 698, seemingly coming to a contrary conclusion, also point up the conflict in the cases.

For the reasons stated, I concur that the judgment should be reversed and the cause remanded.