579 P.2d 85 (1978)
Norman E. LUNDSTROM and Joan R. Lundstrom, Plaintiffs-Appellants,
v.
Guenter HACKL, Defendant-Appellee.
No. 77-773.
Colorado Court of Appeals, Division II.
January 12, 1978.
James R. Benson, Jr., Denver, for plaintiffs-appellants.
BERMAN, Judge.
Plaintiffs, Norman E. and Joan R. Lundstrom, (vendors), brought this action against defendant, Guenter Hackl, (purchaser), for breach of a written contract to purchase their residence. After trial, the court entered judgment in the vendors' favor, but finding that they had failed to establish any actual damages, the court awarded the vendors only nominal damages of $1.00.
Contending that the trial court erred in refusing to award them the purchaser's earnest money deposit, the vendors appeal. We reverse.
On October 28, 1975, after inspecting a number of available homes including the subject property, the purchaser executed and, through the vendors' broker, delivered to the vendors a Colorado Real Estate Commission's standard form "Specific Performance Contract (Residential)" agreeing to *86 purchase the vendors' residence for a sum somewhat less than the asking price. The contract contained an additional typed-in provision establishing that the agreement was "totally contingent upon [the] purchaser's wife's approval no later than 6 P.M., 29 October 1975," and in accordance with the contract's terms was accompanied by a personal check for $1,500 as an earnest money, part payment deposit.
That same evening the vendors executed a counterproposal insisting on the original asking price of $42,950. The next day, October 29, the purchaser's wife arrived from out of state, viewed the house, and in the late afternoon both the purchaser and his wife executed the counterproposal. The next morning, October 30, however, the couple informed the vendors' broker's firm that they "were not going through with" the contract. Subsequently, the purchaser stopped payment on the earnest money check.
Paragraph nine of the parties' contract provides:
"Time is of the essence hereof, and if any payment or any other condition hereof is not made, tendered, or performed by either the seller or purchaser as herein provided, then this contract, at the option of the party who is not in default, may be terminated by such party, in which case the nondefaulting party may recover such damages as may be proper. In the event of such default by the seller, and the purchaser elects to treat the contract as terminated, then all payments made hereon shall be returned to the purchaser. In the event of such default by the purchaser, and the seller elects to treat the contract as terminated, then all payments made hereunder shall be forfeited and retained on behalf of the seller. In the event, however, the nondefaulting party elects to treat this contract as being in full force and effect, then nothing herein shall be construed to prevent its specific performance." (emphasis added)
In Sorenson v. Connelly, 36 Colo.App. 168, 536 P.2d 328 (1975), this court declined to construe the above language as "completely" liquidating damages. The court reasoned that an interpretation that "the payments made under the contract . . . [are] the only `proper damages' recoverable by the nondefaulting party" would "nullify the clear language of the provision that the non-defaulting party `may recover such damages as may be proper'" and would therefore be anomalous. Accordingly, the court refused to limit the vendors' damages to the amount of the defaulting purchaser's earnest money deposit, but rather allowed recovery for actual damages proven in excess of the deposit.
We do not, as apparently the trial court did, read Sorenson as invalidating the above forfeiture provision. Rather, we hold that, in the absence of grounds for equitable relief, such a forfeiture provision is fully enforceable, and that, in the event of default by the purchaser, the vendor may retain the earnest money or part payment deposit without reference to the amount of actual damages resulting from the purchaser's default. See Western Enterprises v. Robo-Sales, Inc., 28 Colo.App. 157, 470 P.2d 931 (1970); cf. Horton v. Hedberg, 143 Colo. 62, 351 P.2d 843 (1960).
As stated in American Mortgage Co. v. Logan, 90 Colo. 157, 7 P.2d 953 (1932),
"Equity, it is true, abhors a forfeiture and in a proper case will relieve against one. But the general rule is that a vendee is not entitled to relief against a forfeiture where he makes no attempt to fulfill his part of the contract, and where his default was not caused by fraud, ignorance not willful, surprise, accident or mistake."
In the instant case, no such equitable circumstances accompanied the purchaser's default. To the contrary, at trial, the purchaser conceded that he intended to bind himself to purchase the vendors' house, and that because of the deposit he expected that the house would be taken off the market and that he would therefore not lose to other prospective purchasers what he thought was a "nice house." Nonetheless, after signing the vendors' counterproposal and completing the deal, the purchaser and *87 his wife began looking at other houses and the day after repudiating the contract with the vendors, the purchaser and his wife contracted to buy another house.
Thus, since the evidence unequivocally demonstrates that the purchaser's breach of the contract was deliberate and without justifiable excuse, the vendors are entitled to retain the deposited earnest money.
The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiffs in the amount of $1,500, plus interest pursuant to statute.
SMITH and RULAND, JJ., concur.