Argued March 15, decided April 5. rehearing denied May 17, 1910.

## GOSSLIN *v.* MARTIN.

[107 Pac. 958.]

PRINCIPAL AND AGENT—BROKERS—RECOVERY OF PAYMENTS—FAILURE OF CONSIDERATION.

The son of the owner of property had verbal authority to sell the property, and appointed an agent, who in arranging a sale received $500 down.  The purchasers were unable to get good title or to obtain specific performance.  Thereafter the purchasers through other parties procured the land at an advanced price.  *Held,* that where the agent had failed to pay the $500 over to his principal, the son, the purchasers could recover it from the agent, since the consideration of the payment had failed, and this regardless of the agent's right to commissions.

From Multnomah: THOMAS O'DAY, Judge.

This is an action by William B. Gosslin and Harry L. Hamblet partners doing business under the firm name and style of Gosslin & Hamblet against H. J. Martin.   From a judgment for defendant, plaintiffs appeal.

REVERSED.

For appellants there was a brief over the names of *Messrs. Graham & Cleeton,* and *Newton McCoy* with oral arguments by *Mr. Thomas J. Cleeton* and *Mr. McCoy.*

For respondent there was a brief and an oral argument by *Mr. Austin F. Flegel.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Certain facts in this case are so clearly proved that they may be taken as indisputable:  (1) That John Denny was

the owner of about 600 acres of land in Multnomah County.   (2) That his son, H. J. Denny, who resided in Portland, had at least verbal authority from him to sell the property.   (3) That H. J. Denny requested defendant to act as agent, to find a purchaser, and to work up a sale. (4) That Martin entered into negotiations with plaintiffs, whereby they agreed to purchase the land for $12,000; $500 being paid to Martin, as agent, on the signing of the agreement, and the balance to be paid when a good and sufficient conveyance and abstract, showing title in the seller, should be delivered.   (5) That a deed, sufficient in form, was deposited in the bank, together with an abstract which did not show a clear title, but which showed a number of unpaid but valid judgments against the property.   (6) That, being unable to arrange these judgments, H. J. Denny, acting for John Denny, recalled the deed.  (7) That later, by another arrangement and through another party, plaintiffs purchased the property at an advanced price, but only after they had attempted to compel a specific performance of the original contract and had been defeated.   Nor was the $500 paid to defendant, considered or applied on the new contract. (8) That before they commenced this action they demanded  of defendant the $500 they had paid, which he failed to return on such demand.   (9) That defendant never paid the $500, received by him, to John Denny, but kept it on the theory that it was due him for commission. The money which defendant received belonged to plaintiffs.  It was paid to him on the theory that he was the agent of John Denny, and plaintiffs were entitled to the return of it when the consideration on which it was paid absolutely failed.   Where an agent has collected money for his principal under such circumstances and paid it over to the principal, an action will not lie against him to recover it; but where, as in this case, he still has the money in his possession, such action will lie.   It is prob-

able that defendant has a good cause of action against Denny to recover his commissions, but to allow him to retain the money paid him by plaintiffs would be unconscientious.

There is no evidence to sustain the finding of the court below, and the judgment, therefore, is reversed, and a new trial ordered.   REVERSED.