**WICK, Plaintiff-Appellee v CLEVELAND SECURITIES CORP., Defendant-Appellant.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 19038. Decided March 15, 1943.

474

Baker, Hostetler & Patterson, Cleveland, and Donald D. Wick, Cleveland, for plaintiff-appellee.

Jones, Day, Cockley & Reavis, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

This action is an appeal on questions of law from a judgment of the Court of Common Pleas.

The plaintiff by his petition alleged that he was the holder of certain bearer bonds, either issued by or for which the defendant is liable, and which the defendant upon demand refused to pay. The petition alleges that there is now due the plaintiff as the holder of said bearer bonds the several amounts alleged in the ten causes of action set forth in the petition.

The defendant, by its amended answer, admitted that the bonds are past due and further alleged that the plaintiff was not the owner of the bonds upon which the action is brought, and that he received them after maturity for the purpose of bringing suit thereon but that the plaintiff is not the real party in interest. The plaintiff then filed a motion to strike the amended answer on the ground that it was frivolous and a sham and asked for summary judgment. The court granted the motion and upon trial to the court, a jury having been waived, the court returned a finding for the plaintiff in the full amount prayed for.

We have presented to us by this appeal the question as to whether or not where an action is brought by the holder of a bear-

er note or bond or negotiable instrument it is a defense thereto that such holder is not the real party in interest. It will be noted that the plaintiff's petition does not allege either of these facts. All that is alleged by the plaintiff is that he is the holder of the bonds.

**Section 11241, GC,** provides:

"An action must be prosecuted in the name of the real party in interest, except as provided in the next three succeeding sections. When a party asks that he may recover by virtue of an assignment, the right of set off, counterclaim and defense, as allowed by law shall not be impaired."

The three sections following have no application to the question here presented, and therefore unless the negotiable instruments code modifies the rule here provided for, the contention of the defendants must be sustained.

**Section 8156 GC,** provides:

"The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument."

The rights of the holder to bring action in his own name is here provided for in unmistakably clear language and so far as the law of negotiable instruments is concerned, modifies the provisions of §11241 **supra.**

In Brannon's Negotiable Instruments Law, 6th Ed., §51, page 533, the following rule is set forth:

"The holder of the legal title to a note may sue thereon in his own name, although others may have the beneficial interest therein."

And on page 535 of the same authority, the rule that is applicable to the exact question before us is stated as follows:

"Although the Code requires an action to be brought in the name of the real party in interest, yet under Sec. 51, N. I. L. (§8156 GC) a holder even though he be a holder only for collection, may sue in his own name."

The rule as thus stated has been adopted in all jurisdictions where the Uniform Negotiable Instruments Law has been enacted into law.

10 C. J. S., page 1166:

"* * * A person who is a holder within the meaning of pertinent provisions of the Negotiable Instruments Act is entitled to sue notwithstanding he is without beneficial interest and a general code provision requires every action to be prosecuted in the name of the real party in interest * * * ."

"The holder of negotiable paper is presumptively the owner * * * and as such is entitled to bring suit as the real party in interest * * * ."

Before the passage of the Negotiable Instruments Law, the courts of Ohio uniformly held that even though one was the holder of a bearer note or bond or a negotiable instrument, it was a good defense to an action brought thereon by such holder that the plaintiff was not the real party in interest. See **Osborn v McClelland, 43 Oh St, 284; Independent Coal Company v First National Bank, 6 C. C. (N. S.), 225; Nichols v Gross, 26 Oh St, 425; Brown v Ginn, Trustee, 66 Oh St, 316.** But by the passage of the Negotiable Instruments Law in Ohio in 1902, we hold that the rule was thereby changed because of the provisions of §8156 GC, supra, so that the holder of a bearer note or bond, or a negotiable instrument, may now bring an action thereon in his own name and it is not a defense to such action that he is not in fact the real party in interest. This conclusion is well stated and supported in **30 O. Jur., 728:**

"Formerly Ohio courts adopted the view that a transferee of a promissory note for collection only, whether by delivery or indorsement, could not maintain suit on the note, not being the real party in interest. There seems no doubt, however, but that the rule in this regard has been changed by the Negotiable Instruments Act, and that such holder may now bring suit in his own name."

We therefore affirm the judgment of the Court of Common Pleas.

MORGAN, P. J., and LIEGHLEY, J., concur.