**SCHOTTENSTEIN, Plaintiff-Appellant, v. DEVOE, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6955. Decided June 1, 1948.

Sol Goodman, Cincinnati, for plaintiff-appellant.
Steer, Strauss & Adair, Cincinnati, for defendant-appellee.

## OPINION

PER CURIAM:
This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County. A verdict was instructed for the defendant at the close of plaintiff's evidence. The Court entered the following judgment:—

"Entry dismissing cause at plaintiff's cost:
"This cause came on for trial upon the pleadings and plaintiff's testimony and evidence, and the court coming now to consider defendant's motion for dismissal at the conclusion of plaintiff's case, finds that said motion was well taken and ought to be granted.

"The court further finds that the within action arose out of a real estate transaction between the parties; that amount claimed by plaintiff in his petition is a deposit made by de-

fendant in connection with said real estate transaction; that in connection with said real estate transaction a contract was made in which the plaintiff, Ben Schottenstein, as seller and as agent for himself as seller, agreed not to claim any part of defendant's deposit if the transaction for any reason was not completed.

"Therefore, it is ordered, adjudged and decreed that this cause be and the same hereby is dismissed at plaintiff's costs.

"To all of which plaintiff excepts."

. The correctness of the conclusion of the trial court depends upon the construction to be placed upon a contract entered into by the plaintiff (seller) and the defendant (purchaser). By the terms of this contract, which is in the form of an offer by the purchaser and acceptance by the seller, the purchaser agrees to pay the sum of $21,500.00 for certain real estate described in the contract. The purchaser agrees to pay cash on delivery of the deed. The seller agrees to furnish a deed of general warranty. It is further provided in the offer of the purchaser, accepted by the seller: "I—we hereby deposit One Thousand Dollars ($1000.00) with seller as earnest money to apply on the purchase price, which is to be retained by him until the terms of this contract have been complied with. Said earnest money to be refunded if offer is not accepted or if title of said real estate is not as above set forth. This offer to remain open for acceptance until 31st day of July, 1946—midnight.

(Signed) JACK J. DeVOE."

Below this offer appears the following:

"I—we hereby approve and accept the foregoing proposition and agree to sell said real estate upon the above terms and conditions and represent that I—we are the owner in fee simple and agree to pay Cleneay & Nourse Co., and Irwin Frieman, co-op, as broker the commission, amounting to five percent of the above sale price. If deal does not go through for any reason we will claim no part of deposit nor any commission.

(Signed)    BEN SCHOTTENSTEIN.
Cincinnati, Ohio    _____19____

"I—we hereby acknowledge receipt of One Thousand Dollars ($1000.00), earnest money as above provided.

By BEN SCHOTTENSTEIN."

A heavy line extending entirely across the page is printed below the signature of DeVoe and another below the first signature of Schottenstein.

It appears that a check for $1000.00 was delivered to plaintiff (seller) contemporaneously with the execution of the contract, July 31, 1946, by the purchaser, and payment was stopped by the purchaser on August 8th.

The action is predicated upon the defendant purchaser's liability upon the check.

In a preliminary clause, in the answer, the execution and delivery of the check to the plaintiff, seller, and that payment was stopped thereon is admitted, and otherwise the allegations of the petition are denied.

For a first defense, the defendant purchaser alleges an absence of good and valuable consideration for the check.

The second defense is based upon a failure of consideration.

For a third defense, it is alleged that plaintiff is unable to perform his contract because he sold the property to a third person.

For a fourth defense, the defendant alleges that no claim was to be made against such check as a deposit if, for any reason, the sale was not completed, and that the sale of the premises to a third person, and failure to complete sale to defendant is a defense to obligation upon the check.

For a fifth defense, the defendant alleges failure to tender a deed of general warranty to the defendant.

For a sixth defense, the defendant alleges that the check was delivered upon condition it was not to be "deposited and honored" before the time the purchase of said property was completed and that the sale was not completed and the condition imposing obligation upon defendant on the check has not occurred.

A reply, denying the factual allegations of the answer, was duly filed.

The plaintiff testified that he was handling the sale of the property for his wife, and the legal title was in his wife's name, and that he and his wife are partners in a business, and that sometimes title is taken in the name of one and sometimes in the name of the other; that after payment was stopped on the check, he sold the property to another purchaser for $20,500, and that this sale was made within the thirty day period mentioned in the contract.

It appears from the evidence that when payment was stopped on the check, the purchaser was notified that the seller presumed therefrom that the purchaser did not intend to go through with the sale. In this letter, however, the attorney for the seller notified the purchaser that his action in stopping payment on the check did not relieve him from his obligation to pay the amount of the check, and the purchaser was asked to let the attorney know whether payment

would be made, or whether it would be necessary to file suit. The purchaser admitted he did not have money on deposit to cover the check, and that he never at any time offered to make it good. Defendant further stated when he stopped payment on the check he intended to "drop the deal."

From statements made by the Court in ruling upon the defendant's motion for judgment at the conclusion of plaintiff's evidence, and in the final judgment entry, noted hereinbefore, it is clear that the sole basis for the action of the court was the language in the contract—"If the deal does not go through for any reason we will claim no part of deposit nor any **commission**." (Emphasis added.) Now this statement follows immediately after a statement in which the seller agreed to pay certain real estate brokers a **commission** of 5% on the purchase price. It seems clear that the clause referring to the deal not going through applied not to the purchaser, but to the responsibility of the seller to pay a commission to the brokers. To construe the language in question, as found by the court, is to say the seller would claim no part of the deposit if the purchaser for **no** reason decided to cancel the deal. Such a construction would entirely destroy the obligatory provisions of the contract and completely destroy it as a binding contract to purchase and sell. The rule is familiar that isolated clauses in a contract cannot be selected as determining its effect, when, upon reading the whole contract, a reasonable construction requires a different conclusion. It is apparent that the parties intended to execute a binding contract of purchase and sale and that if, for any reason, the contract was not consummated, the brokers would not claim any part of the deposit or ask for any commission. The latter clause as to the deal falling through manifestly modifies only the clause immediately preceding it, providing for payment of commission.

An examination of the contract shows that the seller unqualifiedly accepted the offer of the purchaser. There was no stipulation of any kind modifying this acceptance. The seller added certain language, which evidently, as just stated, applied not to the offer of the purchaser, but to the obligation just assumed, to pay a commission. If it could by any strained construction be applied to the relation created by the offer and acceptance between the purchaser and seller, then it was mere gratuitous surplusage as far as the principal contract was concerned and wholly unenforceable by the purchaser. Unless the offer is qualified in the acceptance, a binding contract exists. See, 12 Am. Jur., p. 546, Section 55, Contracts. Restatement Law of Contracts, section 62.

The contract having been broken and the obligations of the purchaser repudiated, the seller has a right to retain the deposit on the purchase price. See, 55 Am. Jur., p. 927, section 535, Vendor and Purchaser.

There was nothing in the evidence submitted by the plaintiff indicating that he was not entitled to collect upon the check of the purchaser. The affirmative defenses of the answer were never reached, verdict having been instructed at the close of plaintiff's evidence.

While the evidence in the case indicated that the record title was not in the seller at the time the offer was accepted, it is also apparent that the personal and business relationships of the plaintiff and his wife were such as to render the title of the plaintiff sufficient to sustain the obligations assumed by the purchaser, and this conclusion is sustained by the fact that the plaintiff later sold the property to another purchaser. See 55 Am. Jur., p. 718, section 271, Vendor and Purchaser.

Nothing appears in the plaintiff's evidence justifying a conclusion that the plaintiff is not within the purview of the general rule, viz., that it is not necessary for the vendor to have title to property at the time the contract of sale is executed.

The trial court was in error in rendering judgment for the defendant upon the evidence submitted by plaintiff, and such judgment is reversed and the case remanded for a new trial.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.