KIRK, APPELLEE, *v.* SCHUMETH, APPELLANT.

(No. 2180—Decided April 10, 1952.)

*Messrs. Pickrel, Schaeffer & Ebeling,* for appellee.
*Mr. William Swaney,* for appellant.

WISEMAN, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County affirming a judgment of the Municipal Court of Dayton refusing to vacate and set aside a judgment on a petition filed after term.

The defendant entered into a valid contract to purchase a residence owned by Melvin and Martha Bur-

den, who were represented by the plaintiff as agent. Not being in possession of cash the defendant executed a cognovit promissory note for $300, payable to the plaintiff, as a down payment. The contract of sale was accepted by the Burdens and on the same day the contract and the note were presented to them. On the following day the defendant notified the plaintiff, as agent for the Burdens, that she would not consumate the contract of sale unless the Burdens agreed to include the furniture. This, the Burdens refused to do. Subsequently the property was sold to another party.

On November 20, 1950, the plaintiff took judgment on the cognovit note without notice given to the defendant. On January 25, 1951, the defendant filed a petition to vacate the judgment on the grounds that the signature of the defendant was secured by false statements and that there was no consideration for the note. The first ground was not proven and is not here urged. Defendant-appellant contends that there was no consideration for the note and that the evidence presents a case under the provisions of Section 11631, General Code, which provides for the vacation of judgments after term.

Subdivision 9 of Section 11631, General Code, provides:

"For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

The burden of proof in this case rested upon the defendant to prove one of the grounds for vacation of judgments after term mentioned in Section 11631, General Code. In our opinion there was sufficient consideration for the execution of the note, even though made payable to the agent for the owner of the property. A consideration may be a benefit accruing to one party or a detriment suffered by another. De-

fendant contends that the plaintiff is not the real party in interest and that therefore judgment was taken for more than was due as provided in subdivision 9 of Section 11631, General Code.

Section 11241, General Code, provides, "an action must be prosecuted in the name of the real party in interest."

Prior to the enactment of the Uniform Negotiable Instrument Act, the holder of a note could not sue thereon unless he was the beneficial owner. 29 Ohio Jurisprudence, 1232, 1235. This was changed by the passage of the Uniform Negotiable Instrument Act.

Section 8156, General Code, provides:

"The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument."

Section 8295, General Code, in part, provides:

" 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof."

Under the Uniform Negotiable Instrument Act, it is no longer a defense to an action on a note brought by the payee and holder, that such payee and holder is not in fact the real party in interest. This proposition is supported by *Wick* v. *Cleveland Securities Corp.*, 71 Ohio App., 393, 50 N. E. (2d), 351. See, also, *Schottenstein* v. *DeVoe*, 83 Ohio App., 193, 82 N. E. (2d), 552.

We find no error in the record prejudicial to the rights of the appellant.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.