Argued October 1, affirmed November 13, 1963

# MEDAK ET AL *v.* DePREZ ET UX
386 P. 2d 805

*G. Dwyer Wilson,* Portland, argued the cause for appellants. With him on the briefs were Wilson & Crew, Portland.

*John P. Ronchetto,* Portland, argued the cause for respondents. With him on the brief were Fewless & Douglass, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

The plaintiffs, payees and holders of a demand promissory note, recovered judgment against the makers of the note. The makers appeal.

The note was given as earnest money, subject to forfeiture, in connection with an offer to purchase certain real estate. The offer was accepted by the sellers, but the transaction was never consummated. The payees of the note were the real estate brokers who had been employed to sell certain property. The sellers of the property were not made parties below. There is no substantial dispute about the making or the delivery of the note.

The principal issue is whether the pleadings and the proof in the case at bar support the theory of the makers of the note that there was a failure of consideration entitling them to repudiate the note. Under ORS 71.028, failure of consideration is a defense available against one not a holder in due course, but such a defense must be pleaded and proven by the party asserting it. *Beauchamp v. Jordan,* 176 Or 320, 332, 157 P2d 504 (1945).

The defendants' answer was ambiguous. The plaintiffs and the trial court apparently thought the de-

fendants were contending that there had been no consideration to support the note. The defendants, meanwhile, apparently thought they had pleaded a defense of failure of consideration. In the absence of a motion by the plaintiffs to make the answer more definite and certain, it probably pleaded both theories under ORS 71.028.

At the trial, however, the defendants rested their case without any proof to rebut the presumption of ORS 71.024 that a note has been given for a valuable consideration. Neither did they offer any evidence to show that a failure of consideration occurred at some time after delivery. The defendants rested after stating merely that the real estate transaction had not been consummated. The plaintiffs swore that the defendants refused to proceed with the transaction. No reason for such refusal was disclosed by either plaintiffs or defendants. The trial court held on these facts that no defense to the note had been proven.

■ The note, when given to the brokers, was a deposit to accompany a revocable offer. The sellers' acceptance of the offer was "valuable" consideration under ORS 71.025. See *Kirk v. Schumeth,* 92 Ohio App 442, 110 NE2d 803 (1952). The existence of consideration, rather than its adequacy, is the issue under ORS 71.025.

■■ The defendants under their pleading tried to prove a failure of consideration. Their burden was the same as that which they would have had to bear had they as plaintiffs been seeking to recover from a broker a cash deposit upon the ground that the contemplated transaction had not been consummated. If the brokers had been holding cash instead of commercial paper, any purchaser seeking the return of his deposit would have had the burden of showing why it

should be returned. *McKeen v. Boothby,* 129 Me 324, 152 A 53 (1930). *Cf. Anderson v. Stanwood,* 178 Or 306, 167 P2d 315 (1946) (action to recover entrusted money). By the same reasoning, a purchaser who seeks to repudiate his commercial paper must show some legitimate reason for doing so. A maker's signature on a note is still a jural act in this state.

■ A purchaser who has made a deposit ordinarily is entitled to recover earnest money still in the possession of the broker, if the sale has failed through no fault of such purchaser. *Gosslin v. Martin,* 56 Or 281, 107 P 957 (1910); *McKeen v. Boothby,* supra; Annotation, 38 ALR2d 1382 (1954). But he is not entitled to recover where his own fault prevents the sale. *Wynkoop v. Shoemaker,* 37 US App DC 258 (1911); *Conness v. Baird,* 124 SW 113 (Tex Civ App 1910). Recovery of the deposit is generally allowed a prospective purchaser where the parties to the contract have mutually rescinded without expressly disposing of the deposit. *Messer Real Estate & Insurance Co. v. Ruff,* 185 Ala 236, 64 So 51 (1913). Preferably, in such cases, all parties are before the court or can be brought into the case, and the seller, as well as the broker and the buyer, can be heard. See Annotation, 33 ALR2d 1090 (1954).

■ Under the rules and regulations published by the Oregon Real Estate Department, pursuant to ORS 696.240, all funds received by a broker as earnest money must be deposited in a neutral escrow depositary or in a clients' trust account. Oregon Administrative Rules, ch 863, § 10-025. The broker holds such funds in effect as an escrow for both parties. *Lasen v. Knauer,* 14 Ill App2d 64, 143 NE2d 66 (1957).

■ In the case at bar, the purchasers knew that the brokers were holding the note (as they would have held

cash) as agents for the account of the sellers. When the sellers accepted the offer for which the deposit was an earnest, the sellers acquired an interest in the proceeds of the note. Admittedly, the brokers had only a limited interest in the proceeds of the note in their own right, under the facts proven. (The brokers may have had some contractual right against all or part of the proceeds of the note under a separate contract between themselves and their clients, the sellers, but that matter is not before us. See *Gosslin v. Martin,* supra at 282-283.)

Except for the special rules governing negotiable instruments, on the facts before us the brokers would not be the real parties in interest, and in an action to recover an ordinary contract debt would be embarrassed by the real-party-in-interest statute. ORS 13.030; *Sturgis v. Baker,* 43 Or 236, 72 P 744 (1903). However, where an action is brought upon negotiable paper, the maker of the instrument is generally estopped to deny that the payee-holder is the real party in interest. See ORS 71.050 (right of holder to sue in his own name), and *Hill v. McCrow,* 88 Or 299, 308, 170 P 306 (1918). See also *Kirk v. Schumeth,* 92 Ohio App 442, supra. Compare *West & Wheeler v. Longtin,* 118 Wash 575, 204 P 183 (1922), with *Shelton v. Sulek,* 5 Ill App2d 186, 125 NE2d 313 (1955) (denying recovery by a broker). Accordingly, the objection that the plaintiffs were not the real parties in interest was not available. The action being one upon a note, the holders were proper parties.

The plaintiffs as holders of the instrument were entitled to sue upon it. The plaintiffs proved their *prima facie case.* The burden then fell upon the defendants to prove some sufficient reason for defeating recovery upon the instrument. They succeeded

only in proving that the rights of other parties would be involved in the event the purchaser and the seller should assert rival claims to the *proceeds of the note* after its liquidation. They proved no reason why the instrument should not be enforced according to its terms.

Since, under Oregon law, the brokers hold the note solely as escrow agents, any attempt by them to deal unilaterally with the proceeds of the note necessarily would bring into issue the respective rights of the sellers of the property and the erstwhile purchasers thereof. While it may be argued that it is unrealistic, on the pleadings in this case, to terminate judicial focus at the "bare note," without regard to the relationship between the several parties to the underlying transaction, it appears that the only issue in this case on the pleadings is whether the holder of a valid demand note may, within its terms, reduce it to cash.

The note was supported by valuable consideration. There is, obviously, the possibility that rival claims to the proceeds of the note in the hands of the broker eventually could lead to other litigation. There is, however, no need to presume that the brokers are incapable of disposing of the proceeds of the note as the interests of the buyer and seller may appear. If the parties to the present action had been interested in avoiding a multiplicity of actions, they could have solicited intervention by the sellers so that the rights of all concerned could have been resolved in one action. ORS 13.160. The sellers were not, however, indispensable parties under ORS 13.110. The action before us could be, and was, disposed of without affecting the rights of the sellers.

Affirmed.