Michael Lewicki and Weronika Lewicki, Plaintiffs-Appellees, v. Wladyslaw Chrachol and Janina Chrachol, Defendants-Appellants.

Gen. No. 49,563.

First District, Third Division.
February 18, 1965.

Abdon M. Pallasch, of Chicago (Jacobs and McKenna, Barry L. Kroll, and Charles D. Snewind, of counsel), for appellants.

William W. Kass and Bellows, Bellows & Magidson, all of Chicago, for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a final order overruling defendants' motion filed pursuant to Section 23 of Rule 2 of the municipal court of Chicago to open a judgment entered by confession against the defendants.

The only question presented to this court is whether the motion of the defendants, supported by their affidavit, required the court to open the judgment by confession.

On October 2, 1963 plaintiffs filed their statement of claim in the municipal court of Chicago based upon a cognovit on a promissory note executed by the defendants on August 31, 1963. Judgment by confession was entered the same day for the sum of $3,257.50. Thereafter, on November 15, 1963, the defendants filed their motion to open the judgment entered by confession. The motion was supported by the affidavit of the defendants. The affidavit set forth that on August 31, 1963 the plaintiffs and the defendants entered into a contract for the sale of certain real estate. Under the contract the defendants were the buyers and executed the promissory note, upon which judgment had been entered in this case, as earnest money to be held in escrow by the plaintiff, Michael Lewicki, "for the mutual benefit of the parties." The contract provided that "if this contract be terminated except for buyer's default, earnest money shall be returned." The affidavit further set forth that plaintiffs represented to the defendants that the contract was nothing more than an offer to purchase and was conditioned upon the purchasers ability to obtain a first mortgage in the sum of $63,000, payable in 20 years or sooner. That the plaintiffs had the defendants go from one building and loan association to another to attempt to get such a mortgage of $63,000 on the real estate, but

that the defendants were refused such a loan by all of said lending agencies. That at the time of signing the contract the defendants did not have the services of an attorney to counsel them, and that after waiting a period of over 30 days the defendants informed the plaintiffs herein that they believed it to be impossible to obtain a mortgage of $63,000, and on October 18, 1963 the defendants had an attorney write a letter to the plaintiffs demanding the return of the note and a cancellation of the contract. That in accordance with the terms of the contract all notices or demands therein required should have been made in writing, and the mailing of notice by registered mail to the sellers at 47 LeMoyne Parkway, Oak Park, Illinois, or to the buyers at 927 N. Wolcott Avenue, Chicago, Illinois, constituted sufficient service thereof on date of mailing. That the plaintiffs never served the defendants with any notice or demand in writing by registered mail at any time since August 31, 1963, the date of the contract.

The defendants further alleged that they are not indebted to the plaintiffs in any amount; that the first notice affiants had of the judgment against them was on October 24, 1963, when an execution was served upon them.

The affidavit further sets forth that they do not have sufficient knowledge of the English language to be conversant in the same or to be able to read or write the same, and that the affidavit has been translated to them from the English to the Polish language by their attorney, and that they understand the contents of the affidavit.

The contract bearing date August 31, 1963, executed by the parties, and the letter from the attorney for the defendants addressed to the plaintiffs bearing date October 18, 1963, were likewise attached to the affidavit and made exhibits.

The contract, among other things, provided "Seller, buyer or Prime Realty shall secure 1st. mortgage in the amount of $63,000 payable over 20 years or sooner at the buyer (sic) expense."

There is nothing in the contract to indicate what, if any, interest Prime Realty had in the contract, and inasmuch as Prime Realty did not sign the contract it is not bound by any of its terms.

From the allegations of the affidavit, together with the contract, a copy of which was attached to the affidavit, it is apparent that a prima facie defense on the merits was shown. The contract for the purchase of the property set forth a price of $73,000; $3,000, which was the earnest money, was deposited in the form of a note signed by the defendants made payable to the plaintiffs. The contract provided that the contract and earnest money were to be held in escrow by Michael Lewicki, one of the plaintiffs, for the mutual benefit of the parties. The contract also provided that the seller, buyer or Prime Realty shall secure a first mortgage in the amount of $63,000. This the buyers were unable to do, as set forth in their affidavit. Of course, from the record before us, we do not know whether the sellers were or were not able to obtain a first mortgage in the amount of $63,000, because under the municipal court rules the plaintiff is permitted only to file counter-affidavits as to diligence. The plaintiffs are not permitted to file counter-affidavits as to the merits, in opposition to a motion to open a judgment. As we read the contract, both the sellers and the buyers were, in mandatory language, equally obligated to secure the first mortgage in the amount of $63,000. It would appear that the defendants in good faith sought to obtain the loan and were unsuccessful. The plaintiffs then became obliged to obtain the loan, and if they met with no better success, a condition precedent to their recovery on the note had

not been performed. There is nothing before us to indicate that the sellers did other than that which can be inferred from the statement in the affidavit "That the plaintiffs had the defendants go from one building and loan association to another to attempt to get such a mortgage . . ."

The plaintiffs cite the case of Medak v. Deprez, 236 Ore 31, 386 P2d 805 (Oregon, 1963), in support of their contention that a purchaser who seeks to repudiate his commercial paper must show some legitimate reason for doing so. However, the court in that case said on page 807, "A purchaser who has made a deposit ordinarily is entitled to recover earnest money still in the possession of the broker, if the sale has failed through no fault of such purchaser. Gosslin v. Martin, 56 Ore 281, 107 P 957 (1910); McKeen v. Boothby, supra; Annotation, 38 ALR2d 1382 (1954). But he is not entitled to recover where his own fault prevents the sale. Wynkoop v. Shoemaker, 37 US App DC 258 (1911); Conness v. Baird, 124 SW 113 (Tex Civ App 1910)."

The rule laid down in the Deprez case can be of no help to the plaintiffs here. There is no evidence that the sale failed through the fault of the purchasers. From the affidavit filed in this case it appears the defendants sought to obtain a mortgage for $63,000 and were unable to do so, and the most that can be said for the plaintiffs is that they sent the defendants to various building and loan associations without making any effort to obtain the loan themselves.

The plaintiffs also rely on the case of City of Chicago v. People ex rel. Norton, 56 Ill 327. In that case the court on page 333 said the following:

"If a person promise to pay a sum of money *when* he shall collect his demands of another, then if it appear that he had no demands, or if he have and

fail to use due diligence to collect them, in either case the promise may be enforced as absolute. White v. Snell, 5 Pick 425; SC, 9 id. 16."

This case bears no relation to the case before us. From the affidavit of the defendants it is obvious that they had used due diligence to obtain the loan and were unable so to do.

The plaintiffs also cite Jordan v. Busch, 285 Ill App 217, 1 NE2d 745, 748:

"It seems clear that where a contract is made which is performable at the time of the occurrence of a future event, the law imputes to the promisor an agreement that he will put no obstacle in the way of the happening of that event, and that he will hold himself in readiness to co-operate where his co-operation is a necessary element. If, in violation of this implied covenant on his part, he does something which prevents the happening of the event, the contract becomes absolute and must be performed as though the event had occurred. Marvin v. Rogers, 53 Tex Civ App 423, 115 SW 863, 865."

The principle of law set forth in the Jordan case has no application to the facts in the present case.

The plaintiffs in their brief argued that a party cannot avoid his liability where he makes the performance of a condition precedent impossible or by preventing it. We do not understand how it can be said that the defendants made the performance of a condition precedent impossible or how they had prevented it.

Section 23 of Rule 2 of the municipal court of Chicago as it existed at the time this case arose provided in part as follows:

"If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part

**59**

of the plaintiff's demand and the court finds that defendant has been diligent in presenting his motion to open the judgment, the court shall then sustain the motion . . . . and the case thereafter proceeds to trial upon the statement of claim, motion and affidavit and any further pleadings which are required or permitted."

Since the motion and affidavit disclose a prima facie defense on the merits, and since the diligence of the defendants has not been questioned, it was the duty of the trial court to sustain the motion, open the judgment and proceed to trial. Chase v. Bramhall, 336 Ill App 156, 83 NE2d 39; Lietz v. Ankrom, 350 Ill App 437, 113 NE2d 184; Scull v. Westfield Homes, Inc., 337 Ill App 294, 85 NE2d 863.

For the foregoing reasons the judgment is reversed and the trial court is instructed to open the judgment.

Reversed and remanded with instructions.

DEMPSEY, P. J. and SCHWARTZ, J., concur.