E. Dee OLPIN, Plaintiff and Appellant,

v.

GROVE FINANCE COMPANY, Defendant and Respondent.

No. 13405.

Supreme Court of Utah.

April 30, 1974.

M. Dayle Jeffs, of Jeffs & Jeffs, Provo, for plaintiff and appellant.

Noall T. Wootton, of Wootton & Wootton, American Fork, for defendant and respondent.

CROCKETT, Justice:

The issue presented on this appeal concerns the obligation of the defendant Grove Finance Company on a $10,000 bond it issued to the plaintiff E. Dee Olpin. Plaintiff's position below, and persisted in here, is that he is entitled to the full face amount of the bond, together with the 10% interest thereon, from the date of its issuance; whereas, the defendant contended that it was obligated only to pay the principal, and interest thereon, in the amounts and from the time deposits were made by the plaintiff to pay for the bond, $6,000 of which was subsequent to its issuance. Upon a trial to the court, it made findings and entered judgment in accordance with the defendant's contentions.

Plaintiff appeals, charging that the trial court erred in: (1) permitting extrinsic evidence to contradict the terms of the bond; (2) allowing evidence of failure of consideration, to dispute its terms, without that defense having been pled; (3) improperly placing the burden of proof on plaintiff on that issue; and (4) in failing to award plaintiff's attorney's fee.

Most of the facts are not in dispute. Sheppard Hal Haycock is, and for many years has been the principal stockholder, president, and managing officer of the defendant Grove Finance Company. He encouraged his friend, plaintiff Dee Olpin, to deposit money on the promise of 10% interest. It is not questioned that over a period of years Olpin made substantial deposits; nor that the $10,000 bond upon which this dispute centers was issued July 1, 1963, by the defendant, payable to the plaintiff, and was negotiable in form, to bear interest at 10% per annum.

Plaintiff's position and his evidence is to the effect that prior to that date there had been made deposits to his credit totaling $6,000; that on June 25, 1963, he made a further deposit of $4,000 which completed payment for the bond. Defendant's contention and version of the transaction is that the $4,000 was the initial payment; and that the balance was to be paid in subsequent deposits. It concedes that the plaintiff's subsequent deposits paid the full purchase price of the bond. It so acknowledged in its answer; and so states in its brief:

· The defendant always asserted that the initial payment made on the bond . . . was $4,000 made June 25, 1963, and that *the full consideration for the bond was paid in installments subsequent to its issuance* on the dates and in the amounts set forth in the appellant's statement of facts and in the court's findings. . . .

The statement of facts so accepted by the defendant includes the following deposits made to plaintiff's credit with the defendant finance company, which for reasons not clear in the record, and immaterial anyway, were placed in three separate bank accounts:

#### FIRST ACCOUNT

| | |
|---|---|
| June 25, 1953 | $4,000 |
| July 16, 1965 | 1,000 |
| October 1, 1965 | 3,000 |

#### SECOND ACCOUNT

| | |
|---|---|
| August 9, 1963 | $1,000 |
| April 1, 1965 | 1,000 |

#### THIRD ACCOUNT

| | |
|---|---|
| September 25, 1966 | $2,000 |

#### FROM ESTATE OF PLAINTIFF'S FATHER

| | |
|---|---|
| July 1, 1967 | $3,000 |

(On this latter item a separate bond was issued which is not in dispute here.)

It is unnecessary to recite the mathematical computation as to credits for interest, or as to withdrawals. The vital fact is that if plaintiff is entitled only to the deposits just listed, the judgment is correct. But if he is entitled to credit for the $10,000 bond from the date of its issuance, instead of as paid for by later deposits, the judgment is short by the difference in those computations.

In January 1972, plaintiff went to the defendant to withdraw all deposits. After considerable discussion and figuring Mr. Haycock gave him a check for $1,977.40, insisting that that was his balance. After subsequent demands by plaintiff this suit was commenced.

The position asserted by the plaintiff is that the bond is a negotiable instrument; that as a purchaser thereof, he is a holder in due course; and that this carries certain presumptions: that it was duly executed by the maker; for a valuable consideration; that it is enforceable according to its terms; and that nothing different therefrom can be shown by extraneous evidence. In regard to those contentions we make these observations: the payee of such an instrument *may* or *may not* be an innocent purchaser for value, or

a holder in due course, depending upon the circumstances.[1] Usually, as between the primary parties, subject to the rules of evidence relating to written instruments, evidence may be taken as to the true nature of the transaction.[2] However, even though defendant argues to the contrary, the basic fact is that when it asserts that it had not been paid for the bond when it was issued, the essence of its contention is that there was a failure to pay the consideration. It is true, as plaintiff contends, that this is an affirmative defense which is required to be pleaded,[3] and unless it is, it ordinarily should not be allowed as a defense,[4] unless there was a motion to amend, or the parties acquiesce in the trial of that issue, or the plaintiff was otherwise given notice and an opportunity to meet it,[5] neither of which was done here.

 Correlated to the foregoing, and of greater importance in this case, is the matter of the burden of proof. As recited above, the issuance of such a bond, negotiable in form, carries with it the presumption that it was given for a valid consideration; and the burden of proof of the affirmative defense of failure of consideration is upon the maker.[6] In this regard the plaintiff urges that the trial court erred in failing to require the defendant to meet this burden, and in imposing the burden of proof as to payment on him as a holder, in its finding which recites:

The Court finds by reason of the testimony of the parties hereto as aforesaid that *there is an irreconcilable conflict* in the uncorroborated [sic] testimony of the plaintiff, and the President and general manager of the defendant company, and the Court finds, by reason thereof, *that the plaintiff's claim to the deposit*

*of an additional $6,000.00 prior to July 1, 1963,* above and beyond those deposits reflected on the records of the defendant company *is not supported by a preponderance of the evidence* and is found, by reason of that fact, to be not true.

Accepting the statement of the trial court that there is "irreconcilable conflict" in the testimony, it follows that the defendant has not proved its affirmative defense of failure of consideration by a preponderance of the evidence; and concomitantly, the recital that the plaintiff's claim of payment "is not supported by a preponderance of the evidence" is in error in placing the burden of proving the contrary of the affirmative defense upon him. The defendant having so failed to meet its burden of proving failure of consideration, that defense fails; and the plaintiff is entitled to an accounting of the face amount of the bond in question, with 10% interest as specified therein, from the date of the issuance of the bond.

Related to this misplacement of the burden of proof on the plaintiff, and the finding of the trial court resulting therefrom, there are two aspects of the evidence which deserve comment. The first is that it seems quite strange that a banking institution would issue a negotiable bond to a depositor without having been paid therefor; on only a $4,000 down payment, and with no written contract or other commitment or assurance as to when, how or if the depositor was bound to make subsequent deposits or payments to complete the purchase price.

The second fact of significance is that upon the defendant's own version of the evidence, there appears to have been considerable lack of certainty as to its records.

1. See Christensen v. Financial Service Co., Inc., 14 Utah 2d 101, 377 P.2d 1010; and see Annotation 2, A.L.R.3d, 1151.

2. See e. g. Great American Indemnity Co. v. Berryessa, 122 Utah 243, 248 P.2d 367.

3. Rule 8(c), U.R.C.P., expressly so states.

4. Rule 12(h), U.R.C.P., provides that defenses not pleaded are waived; and see F.M.A. Financial Corporation v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670; Rosenberry v. Clark, 85 Idaho 317, 379 P.2d 638.

5. See Taylor v. Royle, 1 Utah 2d 175, 264 P.2d 279.

6. Sec. 70A–3–307, U.C.A.1953; Medak v. De-Prez, 236 Or. 31, 386 P.2d 805; cf. Rees v. Archibald, 6 Utah 2d 264, 311 P.2d 788.

This is shown by the fact that the plaintiff met with the defendant in January 1972 for the purpose of reconciling their accounts, and that pursuant thereto the defendant issued the plaintiff a check in the amount of $1,977.47 which it insisted was to pay off the plaintiff and close the account. But in response to plaintiff's demands, it later acknowledged that it owed to the plaintiff an additional $1,942.04. Defendant's manager gave testimony which this writer reads as being something less than certain, that in a conversation with Mrs. Olpin he tendered this amount prior to this suit. This is diametrically inconsistent with the defendant's answer to the plaintiff's complaint wherein it alleged "that all amounts owed by the defendant to the plaintiff for deposits made by the plaintiff with the defendant, including the debenture bond Exhibit A, *has been paid in full.*" [All emphasis herein is ours.]

The position thus stated in the defendant's answer bears upon the propriety of allowing the plaintiff attorney's fees, which are expressly provided for in the bond in case of default. None were allowed even though the court found the defendant indebted for the $1,942 and so awarded judgment.[7] The view taken by the trial court was that the amount of the judgment was on the balance due on deposits, and not on the bond. We do not see this as being correct. Whichever way the dispute is viewed, it involved an accounting for deposits which the defendant itself asserts were credited as subsequent payments on the bond, and for which defendant claimed the plaintiff had been fully credited and paid; but which was found not to be a fact. Accordingly, the plaintiff should be entitled to reimbursement for reasonable attorney's fees.

Plaintiff has argued other matters which we think it unnecessary to discuss. In accordance with what we have said herein, this case is remanded to the district court for correction of the judgment, to allow the plaintiff credit for the amount of the $10,000 bond as of the date of its issuance July 1, 1963, together with 10% interest thereon; and for the fixing of a reasonable attorney's fee based upon the total judgment as so adjusted. Costs to plaintiff (appellant).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

7. Respective counsel made the appropriate stipulation, that if attorney's fees were allowable, the court could fix the amount on the basis of a designated schedule. See F.M.A. Corp. v. Build, footnote 4 above.