**In re SAM A. TISCI, INC., Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**Patrick J. WAGENER, et al., Defendants.**

**Bankruptcy No. 88–0271.**
**No. 87–00587.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 31, 1990.

John J. Hunter, Toledo, Ohio, trustee/plaintiff.

Eugene F. Canestraro, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Cross–Motions for Summary Judgment filed by the Trustee and the Defendants, Patrick and Sandra Wagener. The Court has reviewed the exhibits and the written arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, The Court finds that the Trustee's Motion for Summary Judgment should be granted, and the Defendant's Motion for Summary Judgment should be denied.

## FACTS

The facts in this case do not appear to be in dispute. On July 15, 1983, the Debtor, Sam A. Tisci, Inc., entered into a land contract with the Defendants, Patrick and Sandra Wagener. Sam A. Tisci, Inc. was the land contract Vendor and the Wageners were the land contract Vendees. The real property being sold by land contract is described in the documents as Lot 149 in Brandywine Plat I, a subdivision in Springfield Township, Lucas County, Ohio. The total sale price was One Hundred Fifty-two Thousand Dollars ($152,000.00).

It appears the Defendants' were having financial problems at the time they entered into the land contract. On the same day the land contract was executed, the Wageners signed a promissory note to Sam A. Tisci, Inc., covering the amount of the down payment. The note was for the principal amount of Twelve Thousand Dollars ($12,000.00), plus interest at Ten Percent (10%) per annum, due August 15, 1985. On February 15, 1986, the parties agreed to a Six Hundred Dollars ($600.00) increase in the principal amount of the note, changing the total amount owed to Twelve Thousand Six Hundred Dollars ($12,600.00), plus interest at the same rate. The amendment to the note also extended the due date from August 15, 1985 to August 15, 1988. It is this promissory note upon which the Trustee is attempting to collect.

At some time after the promissory note's repayment date was extended, the Defendants became unable to comply with the land contract's payment schedule. After defaulting on the land contract, the Defendants reconveyed their interest in the property back to the Vendor, Sam A. Tisci, Inc., by quitclaim deed, which was recorded on December 10, 1986. On or about the same day, Sam A. Tisci, Inc. sold the same property to a third party.

On March 25, 1987, Debtor, Sam A. Tisci, Inc., filed a Petition for relief under Chapter 11 of the United States Bankruptcy Code. On August 31, 1988, the Debtor filed the instant Complaint against the Wageners. The case was later converted to proceeding under Chapter 7. Subsequently, the Chapter 7 Trustee, John J. Hunter, Sr. filed a Motion to be substituted as Plaintiff in this action.

## LAW

Motions for Summary Judgment are governed by Federal Rule of Civil Procedure 56(c), which states in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*See,* Bankruptcy Rule 7056 and Fed.R. Civ.P. 56(c).

The first issue to be resolved is the applicability of Ohio Revised Code § 5313.10, which states:

The election of the vendor to terminate the land installment contract by an action under section 5313.07 or 5313.08 of the Revised Code is an exclusive remedy which bars further action on the contract unless the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use. In such case the vendor may recover the difference between the amount paid by the vendee on the contract and the fair rental value of the property plus an amount

for the deterioration or destruction of the property occasioned by the vendee's use.

The Defendants contend that O.R.C. § 5313.10 applies because the Plaintiff is seeking an action on the land installment contract. More specifically, Defendants claim the Plaintiff is seeking a deficiency judgment after the election was made to terminate the land installment contract. It is asserted that this violates § 5313.10's "exclusive remedy" provision.

■ However, the language in O.R.C. § 5313.10 appears to bar further action on a land contract only when a vendor elects to terminate the land installment contract by using either one of the Two (2) methods provided for in O.R.C. § 5313.07 and § 5313.08. It is the Trustee's position that the a voluntary reconveyance of the property does not trigger the "exclusive remedy" provision because it does not involve Sections 5313.07 or 5313.08.

O.R.C. § 5313.07 states, in pertinent part:

If the vendee of a land installment contract has paid in accordance with the terms of the contract for period of five years or more from the date of the first payment or has paid toward the purchase price a total sum of equal to or in excess of twenty percent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property.... In such an action, as between the vendor and the vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.

The relevant portion of O.R.C. § 5313.08 provides:

If the contract has been in effect for less than five years, in addition to any other remedies provided by law and after the expiration of the periods prescribed by sections 5313.05 and 5313.06 of the Revised Code, if the vendee is still in default of any payment the vendor may bring an action for forfeiture of the vendee's rights in the land installment

contract and for restitution of his property under Chapter 1923....

In this case, the Wageners quitclaimed their interest in the property to the vendor, Sam A. Tisci, Inc. This does not qualify as a foreclosure and judicial sale under § 5313.07, or an action for forfeiture and restitution pursuant to § 5313.08. Thus, the two conditions necessary to trigger O.R.C. § 5313.10 are not present in this case.

The Defendants assert that quitclaiming the property produces the same result as a foreclosure sale or forfeiture action. In both cases, the property goes back to the vendor. Thus, the Defendants contend that a quitclaim action should fall within the parameters of O.R.C. § 5313.10, which bars further action on the contract, including collection of any deficiency. However, O.R.C. § 5313.10 only becomes applicable when a vendor uses one of the two sections listed above to recover the property.

Thus, it appears that O.R.C. § 5313.10 is inapplicable in this case under the "plain meaning" rule. If a statute's language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language ordinarily be regarded as conclusive. *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246, 252–253 (1981). Section 5313.-10 only limits a vendor's remedies if § 5313.07 foreclosure or § 5313.08 forfeiture is pursued. Durham, *Forfeiture of Residential Land Contracts in Ohio: The Need for Further Reform of a Reform Statute*, 16 Akron L.Rev. 397, 430 (1983). Neither of the above sections include the vendee's quitclaiming of property subject to a land installment contract to the vendor. Accordingly, the Court finds that § 5313.10 is not controlling in the present case.

It appearing that there is no statute controlling the outcome of this case, the Court's determination must be made under Ohio's common law. In deciding issues founded upon state common law, federal courts should look to the decisions of the state's highest court. If the state's highest court has not spoken to the question in

controversy, a federal court must discern how the state's highest court would respond if confronted with the question. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Hartford Fire Ins. v. Lawrence, Dykes, Goodenberger,* 740 F.2d 1362, 1365 (6th Cir.1984); *A & M Records, Inc. v. M.V.C. Dist. Corp.,* 574 F.2d 312, 314 (6th Cir. 1978). While the Ohio Supreme Court has not directly addressed the issue presented here, it appears that Ohio case law supports the Trustee's right to collect on the promissory note taken in lieu of a downpayment by Sam A. Tisci, Inc.

In *Norpac Realty Co. v. Schackne,* 107 Ohio St. 425, 140 N.E. 480 (1923) the court addressed the issue as to a vendor's equitable relief in a land installment contract. The vendee made a $12,500 down payment on a $50,000 purchase price, but failed to make further principal payments required by the contract. The court allowed forfeiture, although it recognized that forfeiture may not always be equitable:

Cases may arise where equity might intervene, as where the agreed or stipulated damages are used as a guise to cover what would otherwise be a penalty, and the amount agreed upon so unconscionably large that a court of equity would not enforce it. This is not such a case.

*Id.* at 429, 140 N.E. 480.

In *Norpac,* the parties had provided in the contract for damages to the vendor in case the vendee defaulted on the payments. The vendor was entitled keep any money paid up to the time of default. In this case, the court ruled that the vendor was able to keep the $12,500 down payment because "it was not so disproportionate, so extravagantly unreasonable, or so manifestly unjust as to require equitable interference." *Id.* at 430, 140 N.E. 480.

*Norpac* is one example where equity might intervene. However, according to the *Norpac* court other situations may arise where equity must determine the result. The case at hand is certainly one such situation.

The Ohio Court of Appeals for Hamilton County considered an analogous case dealing with a contract for the sale of land, *Schottenstein v. DeVoe,* 83 Ohio App. 193, 82 N.E.2d 552 (1948). In *Schottenstein,* the vendee entered into a contract for the sale of certain real property from the vendor. Jack Devoe, the purchaser, issued a check for One Thousand Dollars ($1,000.00) as a deposit toward the total purchase price of Twenty-one Thousand Five Hundred Dollars ($21,500.00). A few days later, Mr. DeVoe stopped payment on the check. The Court found that "the contract having been broken and the obligations of the purchaser repudiated, the seller has a right to retain the deposit on the purchase price." *Schottenstein v. DeVoe,* 83 Ohio App. at 198, 82 N.E.2d at 554. *Also cf., Kirk v. Schumeth,* 92 Ohio App. 442, 110 N.E.2d 803 (1952); *Ottenstein v. Western Reserve Academy,* 54 Ohio App.2d 1 at 4, 374 N.E.2d 427 at 428 (1977). *Vendee's Recovery of Purchase Money,* 31 A.L.R.2d 8 (1953).

■ The facts are undisputed that Sam A. Tisci, Inc. and the Wageners entered into a land installment contract for the purchase of real property. The Wageners, as purchasers, breached the contract by defaulting on their obligation to make payments in accordance with the terms of the contract. This breach was not by any fault of the vendor, Sam A. Tisci, Inc. Thus, as a matter of law and of equity, the Debtor, Sam A. Tisci, Inc., is entitled to keep the down payment as money paid on the contract. The fact that it is in the form of a promissory note does not excuse the Defendants from payment. Therefore, Sam A. Tisci, Inc., by and through the Trustee, John J. Hunter, is entitled to collect on the note forfeited by the Wageners when they breached the land contract.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that Defendants' Motion for Summary Judgment be, and is hereby, Denied.

It is FURTHER ORDERED that the Plaintiff's Motion for Summary Judgment be, and is hereby, Granted.